Opinion
 

 POTTER, Acting P. J.
 

 The People appeal from the denial of their motion to vacate an order issuing a certificate of rehabilitation to petitioner James Reginald Daudert (hereinafter petitioner).
 
 *583
 
 Petitioner was convicted by a plea of one count of armed robbery (former Pen. Code, § 211a) involving use of a knife on April 18, 1972. He was sentenced to prison for the “term prescribed by law,” released on parole on February 22, 1974, and discharged from parole on March 12, 1976.
 

 On April 3, 1978, he petitioned the Santa Barbara Superior Court for a certificate of rehabilitation and application for pardon pursuant to the procedure set forth in Penal Code
 
 [1]
 
 section 4852.01 et seq., for the restoration of civil and political rights. A hearing was held on the petition on June 5, 1978. The People, represented by the District Attorney of Santa Barbara County, announced they had no opposition to granting the certificate. The district attorney’s office had previously conducted an investigation of the matter and on June 2, 1978, had filed a written report of its “Findings,” recommending that the petition be granted. The report revealed that petitioner had been a model prisoner while incarcerated, had led an exemplary life since his release on parole, had been continuously employed in progressively more responsible employment, had not violated any laws, and had received highly favorable references from the prison psychologist, employers, fellow employees, and friends. The “Findings” also stated that petitioner had satisfied the required postrelease statutory rehabilitative period of 3 years plus 30 days for each year of the maximum term for armed robbery under the determinate sentencing law.
 
 [2]
 
 On June 5, 1978, the court issued an order granting petitioner a certificate of rehabilitation and recommending that the Governor grant a full pardon to him.
 

 On September 1, 1978, the People, represented by the Attorney General, filed a motion to vacate the order issuing the certificate of rehabilitation on the ground that petitioner had not completed the period of rehabilitation provided in section 4852.03. The People did not challenge the finding of petitioner’s exemplary behavior since his release on parole. However, they claimed that the certificate was void as prematurely granted. They argued that the required rehabilitation period must be based on the maximum period of imprisonment which could have been imposed upon petitioner at the time he committed the offense;
 
 *584
 
 that in 1972 the maximum term for first degree robbery was life imprisonment which, pursuant to section 4852.03, subdivision (2), was regarded for computation purposes as 50 years; and therefore petitioner’s rehabilitation period was 7 years and 40 days (which period would not expire until 1981).
 

 The public defender filed his opposition to the motion to vacate on September 13, arguing that the rehabilitation period had been properly determined under current sentencing law. On October 16, 1978, the court denied the People’s motion to vacate the order issuing a certificate of rehabilitation. The People appealed, pursuant to Penal Code section 1238, subdivision (a)(5).
 

 Contentions
 

 The People contend that (1) the order denying the motion to vacate is appealable, and (2) computation of the period of rehabilitation required by section 4852.03 is based on the maximum imprisonment which was prescribed by statute at the time petitioner committed the offense for which he was convicted. Petitioner responds that (1) the order is not appealable, and (2) calculation of the period of rehabilitation required by section 4852.03 is based on the maximum imprisonment which is prescribed under current law for the crime of which petitioner was convicted.
 

 Discussion
 

 Summary
 

 The denial of the People’s motion to vacate the certificate of rehabilitation is reviewable on appeal to determine whether the certificate is void.
 

 The certificate of rehabilitation, however, was validly issued and the order granting it must be affirmed. The rehabilitation period required under Penal Code section 4852.03 is calculated by adding to the petitioner’s release date 3 years plus an additional 30 days for each year of the maximum term of imprisonment which is prescribed by current statutory law for the crime of which the petitioner was convicted. At the time of the proceedings herein, the maximum punishment for armed robbery with use of a deadly weapon was five years. Petitioner had, therefore, satisfied the statutory requirement since more than 3 years and
 
 *585
 
 150 days had elapsed between his release on parole in February 1974 and his filing of an application for the certificate of rehabilitation in April 1978.
 
 [3]
 

 The Order Denying the Motion to Vacate the Granting of the Certificate of Rehabilitation Is Appealable
 

 Preliminarily, we note that the People can appeal from the order of October 16, 1978, denying their motion to vacate the June 5, 1978 order granting petitioner a certificate of rehabilitation as an order made after the June 5 order (or judgment) which affects their substantial rights (§ 1238, subd. (a)(5)).
 

 Section 4852.03 provides in relevant part: “Unless and until the period of rehabilitation, as stipulated herein, has passed, the petitioner shall be ineligible to file his petition for a certificate of rehabilitation with the court.
 
 Any certificate of rehabilitation which is issued and under which the petitioner has not fulfilled the requirements of this chapter shall be void.”
 
 (Italics added.)
 

 The People claim that the order of June 5, 1978, issuing petitioner a certificate of rehabilitation is void on its face and should have been vacated because the requisite statutory period of rehabilitation had not passed.
 

 As our Supreme Court stated in
 
 Luckenbach
 
 v.
 
 Krempel
 
 (1922) 188 Cal. 175, 176-177 [204 P. 591]: “A judgment or order which is void on the face of the record thereof may be set aside at any time by the court that made it, on the ground that it is void.
 
 (People
 
 v.
 
 Davis,
 
 143 Cal. 675 [77 Pac. 651];
 
 Wharton
 
 v.
 
 Harlan,
 
 68 Cal. 422 [9 Pac. 727];
 
 People
 
 v.
 
 Greene,
 
 74 Cal. 400-405 [5 Am. St. Rep. 448, 16 Pac. 197].)
 
 If the court refuses to vacate such an order on motion, it being an order made after judgment, the party aggrieved may appeal and have the order reviewed and reversed.”
 
 (Italics added.)
 

 
 *586
 
 We, therefore, turn to the merits of the appeal to determine whether the certificate of rehabilitation was void.
 

 The Statutory Period of Rehabilitation Is Based on the Current Maximum Penalty for the Crime
 

 Chapter 3.5 of title 6, part 3 of the Penal Code (consisting of § 4852.01 et seq.) establishes a procedure for the restoration of rights to an ex-felon by obtaining a certificate of rehabilitation and application for pardon.
 

 Section 4852.03 provides the method for computing the required time period of rehabilitation which must elapse before a petitioner is eligible to file for a certificate of rehabilitation. That section provides in pertinent part: “The period of rehabilitation shall begin to run upon the discharge of the petitioner from custody due to his completion of the term to which he was sentenced or upon his release on parole or probation, whichever is sooner. For purposes of this chapter, the period of rehabilitation shall constitute three years’ residence in this state, plus a period of time determined by the following rules:
 

 “(1) To the three years there shall be added 30 days for each year of the term
 
 prescribed
 
 by statute as the maximum penalty of imprisonment for the crime of which the petitioner was convicted.” (Italics added.)
 

 In ruling on petitioner’s application for a certificate of rehabilitation, the superior court, in accord with the district attorney’s findings, calculated the period of rehabilitation according to the maximum sentence under current California law for the crime of armed robbeiy. The People, however, claim that for persons (such as petitioner) who committed crimes prior to July 1, 1977, the period of rehabilitation is computed according to the maximum sentence under the law which was in effect at the time the crime was committed. We disagree.
 

 Provisions of the Penal Code must be construed according to the fair import of their terms with a view to effect the objects of the code and to promote justice. (§ 4;
 
 People
 
 v.
 
 King
 
 (1978) 22 Cal.3d 12, 23 [148 Cal.Rptr. 409, 582 P.2d 1000].) Section 4852.03 is obviously a remedial measure which was originally enacted as part of the act (Stats. 1943, ch. 400, § 1), adding chapter 3.5 (comprising §§ 4852.01 to 4852.2) to title 6 of part 3 of the Penal Code. As its official chapter title indicates (see
 
 Bowland
 
 v.
 
 Municipal Court
 
 (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr.
 
 *587
 
 630, 556 P.2d 1081]), the purpose of the act was to provide a “Procedure for Restoration of Rights and Application for Pardon.” (See also 15 Ops.Cal.Atty.Gen. 38, 38-39.) Accompanying sections of the act further manifest the Legislature’s intent to facilitate securing a certificate of rehabilitation by providing petitioner with legal counsel (§ 4852.08), counsel and assistance from parole and probation officers (§ 4852.04), and exemption from any court or filing fees (§ 4852.09).
 

 As remedial legislation, section 4852.03 should be liberally construed to promote the objective of alleviating the collateral consequences of a felony conviction. (See
 
 Alford
 
 v.
 
 Pierno
 
 (1972) 27 Cal.App.3d 682, 688 [104 Cal.Rptr. 110].) Where the language is capable of more than one construction, it must be interpreted to extend the remedy.
 
 (Continental Cas. Co.
 
 v.
 
 Phoenix Constr. Co.
 
 (1956) 46 Cal.2d 423, 434-435 [296 P.2d 801, 57 A.L.R.2d 914];
 
 People
 
 v.
 
 White
 
 (1978) 77 Cal.App.3d Supp. 17, 21 [144 Cal.Rptr. 128].)
 

 Moreover, it is “the established policy ‘to construe a penal statute as favorably to the defendant as its language and the circumstances of its application reasonably permit; . . . the defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of language used in a statute.’
 
 (Keeler
 
 v.
 
 Superior Court
 
 (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420].)”
 
 (People
 
 v.
 
 Walker
 
 (1976) 18 Cal.3d 232, 242 [133 Cal.Rptr. 520, 555 P.2d 306].)
 

 Applying the above standards, we conclude that the phrase “the term prescribed by statute as the maximum penalty of imprisonment for the crime of which the petitioner was convicted” refers to the current maximum term. Logically, that language connotes the present tense. The statute does not say that the rehabilitation period shall be determined by the maximum which
 
 was
 
 prescribed by statute at the time the petitioner committed his crime. If the Legislature intended to tie the rehabilitation period to the maximum penalty which could have been imposed on petitioner at the time he committed the offense, it could easily have so provided by merely inserting the words “which was.”
 
 [4]
 
 Since the section does not include any such language, we cannot ascribe to the Legislature an intent to condition the issuance of a certificate of rehabilitation and
 
 *588
 
 recommendation for pardon on prior penalty provisions which are no longer in force.
 

 The maximum term of imprisonment prescribed by statute represents the Legislature’s judgment of the seriousness of the offense. By repealing prior law authorizing a maximum of life imprisonment for armed robbeiy and substituting a lesser maximum under the determinate sentencing law, the Legislature expressly determined that a life sentence was too severe a penalty by contemporary standards. No valid purpose or policy would be served by basing the determination of the necessary time presently required for rehabilitation on a former social judgment that has since been rejected by the Legislature.
 

 As our Supreme Court stated in
 
 Newland
 
 v.
 
 Board of Governors
 
 (1977) 19 Cal.3d 705, 710 [139 Cal.Rptr. 620, 566 P.2d 254]: “A certificate of rehabilitation is a document which certifies that its possessor, during a period of at least three years following his release from prison (see Pen. Code, § 4852.03), ‘has demonstrated by his course of conduct his rehabilitation and his fitness to exercise all of the civil and political rights of citizenship.’ (Pen. Code, § 4852.13.)”
 

 It is therefore more reasonable to measure whether sufficient time has elapsed (beyond the three-year minimum) to demonstrate that a petitioner is fit to fully participate in contemporary society by laws which reflect present societal standards, rather than outdated notions of the gravity of the prior criminal conduct.
 
 [5]
 

 We therefore hold that the rehabilitation period required by section 4852.03 consists of 3 years plus 30 days for each year of the maximum
 
 *589
 
 term of imprisonment which is prescribed under statutory law at the time of the filing of a petition for a certificate of rehabilitation.
 
 [6]
 

 In April 1978, when petitioner filed for a certificate of rehabilitation, the maximum penalty for the crime of robbery (§ 213) with use of a knife (§ 12022, subd. (b)) was five years.
 
 [7]
 
 The required rehabilitation period was therefore 3 years and 150 days. Petitioner was released on parole in February 1974 and did not file his petition for a certificate of rehabilitation until more than four years later. Accordingly, the certificate of rehabilitation was valid, and the court properly denied the motion to vacate the order.
 

 The order denying the motion to vacate is affirmed.
 

 Cobey, J., and Allport, J., concurred.
 

 [1]
 

 A11 statutory references are to the Penal Code.
 

 [2]
 

 The “Findings" erroneously stated that the requisite time was 3 years plus 120 days. By our calculations, the proper time period was 3 years plus 150 days, since to the maximum 4-year punishment in 1978 for robbery (§ 213) would be added 1 year for use of a deadly weapon (§ 12022, subd. (b)). The error, however, does not affect the validity of the subsequently issued order since more than 3 years plus 150 days had elapsed by the time the petition was filed.
 

 [3]
 

 Since we hold as a matter of statutory construction that the rehabilitation period is computed according to current sentencing law, we need not decide whether the determinate sentence law would otherwise have had to be considered retroactively applicable to this petitioner or whether a calculation of the rehabilitation period based on the former maximum penalty of life imprisonment would have deprived petitioner of equal protection of the law under the rationale of
 
 In ré Kapperman
 
 (1974) 11 Cal.3d 542 [114 Cal.Rptr. 97, 522 P.2d 657],
 

 [4]
 

 Section 4852.03, subdivision (1), would then read: “To the three years there shall be added 30 days for each year of the term which was prescribed by statute as the maximum penalty of imprisonment for the crime of which petitioner was convicted.”
 

 [5]
 

 The issue here is rehabilitation, not punishment. We are concerned with determining the required period of rehabilitation, not with fixing the term of punishment. The People’s reliance, therefore, on
 
 People
 
 v.
 
 Superior Court (Gonzales)
 
 (1978) 78 Cal.App.3d 134 [144 Cal.Rptr. 89], and
 
 In re Coronado
 
 (1978) 87 Cal.App.3d 788 [151 Cal.Rptr. 433], is misplaced. The issue is not what petitioner’s maximum sentence could be if he were first sentenced today for an armed robbery he committed in 1972. It is true that a person who had committed a crime prior to July 1, 1977, would be sentenced under the indeterminate sentencing law with the Community Release Board later fixing his determinate term. Petitioner, however, has already been sentenced, has completed his term of imprisonment, and has been discharged from parole. The right to apply for and be given a pardon is not part and parcel of one’s punishment but a separate matter related to the appropriate period of rehabilitation.
 

 [6]
 

 Since the maximum penalty prescribed by statute for the crime of which petitioner was convicted was less at the time of the filing of the petition than it was at the time petitioner committed the crime, we need not reach the question whether if the maximum penalty had been increased in the interim, the petitioner’s rehabilitation period could be measured by that increased maximum without violating rules against ex post facto legislation.
 

 [7]
 

 Section 213 (Stats. 1977, ch. 165, § 5) then provided that robbery was punishable by imprisonment for two, three or four years. Section 12022, subdivision (b), imposed an additional one-year term for use of a deadly or dangerous weapon (Stats. 1977, ch. 165, § 91).