[Crim. No. 20530. First Dist., Div. Two. Sept. 18, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
CAYETANO CAPARAS BORJA, Defendant and Appellant.

COUNSEL

Joe R. McCray, Anthony Mischel and Anthony L. Head for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ROUSE, Acting P. J.**—This appeal involves the question whether a defendant who has pleaded guilty to one or more felony charges, served a prison term therefor and successfully completed parole, may then have the guilty plea withdrawn and the charges dismissed pursuant to section 1203.4 of the Penal Code. We have concluded that he may not.

Defendant pleaded guilty to second degree murder and assaulting a peace officer with a deadly weapon. He was sentenced to state prison on both counts, the sentences to run concurrently. While in prison, he underwent psychological counseling, completed numerous academic courses at a nearby college, and generally established himself as a model prisoner. He was released from prison and placed on parole in 1977.

In 1979, after he was discharged from parole, defendant filed a motion to withdraw his guilty pleas, enter pleas of not guilty and have the court dismiss the charges pursuant to section 1203.4 of the Penal Code. He sought this relief because he was under threat of being deported to the Philippines, his country of origin, and wanted his conviction vacated to improve his chances of being allowed to reenter this country. His application for relief was premised on the assertion that section 1203.4 gave the court discretion to grant the requested relief in "the interests of justice" even when a felon had not been placed on probation but had been sentenced to state prison. The trial court denied the motion, ruling that it lacked jurisdiction to grant the relief sought, since defendant had not been on probation but had been in prison. The court pointed out that defendant's remedy was to apply for a certificate of rehabilitation. Defendant has appealed from the order denying his motion.

Defendant's major contention on appeal is that the 1971 amendment to section 1203.4 expanded the power of the superior court to include the power to vacate judgments of conviction where no probation was granted in felony cases.

Section 1203.4, subdivision (a), of the Penal Code states, in pertinent part: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, *or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section*, the defendant shall, at any time after the termination of the period of probation, if he is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant...." (Italics added.)

Section 1203.4 was amended in 1971 (Stats. 1971, ch. 333, § 1, p. 667),[1] and the portion of the amendment with which we are concerned has been emphasized above. Defendant claims that, by this amendment, the Legislature intended to extend the benefits of section 1203.4 to state prison parolees. He argues that the broad "interests of justice" language of the 1971 amendment should be read to encompass one in his position. We are not persuaded.

■ Defendant's argument flies in the face of the very language of the statute. The section speaks only in terms of probation. Nowhere in the text of that statute does the word "parole" appear, either expressly or by implication. While it may seem foolish to waste time and space by reciting the obvious, nevertheless we must point to one simple fact which, it appears, defendant may have overlooked: probation and parole are quite different animals. Probation involves *judicial* action taken before the prison door is closed, whereas parole involves *executive* action taken after the door has been closed on a convict. (*State* v. *Hewett* (1967) 270 N.C. 348 [154 S.E.2d 476, 479].)

---

[1] In 1963, the Legislature enacted section 1203.4a, which grants similar relief to misdemeanants who were not granted probation. (Stats. 1963, ch. 1647, § 1, p. 3236.)

In California, the procedure for granting probation is set forth in section 1203 et seq. of the Penal Code, whereas the matter of parole is dealt with in an entirely different area of the Penal Code, viz., section 3040 et seq. The procedure for seeking restoration of civil rights following release from state prison and discharge from parole is outlined in yet other sections of the Penal Code, viz., section 4852.01 et seq.

In granting probation, the trial court retains jurisdiction of the defendant. During the period of his probation, the probationer remains in the constructive custody of the court and is bound by the terms and conditions of the court's probation order. Customarily, such order is tailored to the rehabilitative needs of that defendant. If the defendant accepts probation and later violates any of the conditions thereof, the court may then revoke its order of probation and impose sentence upon the offending probationer.

Parole, on the other hand, is the conditional release of a prisoner who has already served part of the term of his sentence in the state prison. Once released from confinement, a prisoner on parole is not free from legal restraint but is constructively a prisoner in the legal custody of the state prison authorities until officially discharged from his status as a parolee.

In our view, the Legislature has devised adequate procedures for those who seek relief from their former status as probationers or as parolees. Those procedures are clearly set forth in the various statutes previously described. It would be impertinent for this court to place a strained interpretation upon a statute merely to bring about a result which, in the enactment of that statute, was neither contemplated nor intended.

Defendant also claims that the trial court erred in its holding that his sole remedy was to seek a certificate of rehabilitation and pardon pursuant to section 4852.01 et seq. of the Penal Code. He argues that relief under section 1203.4 of the Penal Code and relief obtained through the issuance of a certificate of rehabilitation are not mutually exclusive remedies, nor does the granting of relief under section 1203.4 usurp the Governor's power of pardon.

Since we have determined that defendant is not eligible for relief under section 1203.4 of the Penal Code, it is not necessary to address either of these arguments.

Finally, defendant contends that the trial court's refusal to exercise its discretion because it lacked jurisdiction is reversible error.

■ Since we have determined that the trial court lacked jurisdiction to grant defendant the relief sought, the trial court did not abuse its discretion.

The order denying defendant relief under the provisions of section 1203.4 of the Penal Code is affirmed.

Miller, J., and Smith, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 12, 1980.