[Crim. No. 15741. Fourth Dist., Div. One. Dec. 18, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
JAN ELAINE MORRISON, Defendant and Appellant.

COUNSEL

Geraldine S. Russell, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, John W. Carney and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STANIFORTH, J.**—In 1978, Jan Morrison was charged with assaulting a police officer with a deadly weapon. (Pen. Code, § 245, subd. (b).)[1] The

---

[1] All statutory references are to the Penal Code unless otherwise specified.

trial court found her not guilty by reason of insanity. On September 18, 1983, Morrison filed a motion to vacate the verdict and to have the court release her from all penalties and disabilities resulting from the criminal charges under section 1203.4. The trial court denied the motion, ruling it lacked jurisdiction to grant the relief sought. Morrison has appealed from the order denying her motion. We affirm.

Section 1203.4, subdivision (a), states, in pertinent part: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, *or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section,* the defendant shall, at any time after the termination of the period of probation, if he is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, *he shall thereafter be released from all penalties and disabilities resulting from the offense of which he has been convicted . . . ."* (Italics added.)

■ Morrison's application for relief was premised on the assertion section 1203.4 gives the trial court discretion to vacate a judgment of conviction and to release a defendant from all resulting penalties and disabilities in criminal cases where no probation was granted. She argues the "interests of justice" language should be read to encompass a defendant found not guilty by reason of insanity. Thus, Morrison contends the trial court had the power to grant her relief from public disclosure of arrest information even though she had not been placed on probation. We are not persuaded.

■ In instances in which interpretation of a statute is at issue, the appellate court is compelled to first consider the plain language of the statute. When a statute is susceptible of two constructions, a criminal defendant is ordinarily entitled to the most favorable construction. (*People* v. *King* (1978) 22 Cal.3d 12, 23 [148 Cal.Rptr. 409, 582 P.2d 1000].)

■ Under these well-established rules of construction, Morrison's argument flies in the face of the plain language of the statute. Section 1203.4 speaks only in terms of probation. The first two clauses specifically refer to a defendant who has fulfilled the conditions of probation or who has been discharged prior to the termination of the period of probation. The following provision dealing with the court's discretion to grant relief in "any other

case" and in "the interests of justice" is clearly intended to apply to probationers who do not fit in any other category. Nowhere in the text of the statute does the phrase "not guilty by reason of insanity" appear, either expressly or by implication.

Moreover, section 1203.4 specifically provides relief from the disabilities and penalties associated with being *convicted.* Although an insanity finding follows a determination (by verdict or plea) the accused committed the criminal act charged, it only establishes the accused was not criminally responsible for the offense committed. (*In re Moye* (1978) 22 Cal.3d 457, 466 [149 Cal.Rptr. 491, 584 P.2d 1097].) Thus, section 1203.4 does not apply to Morrison because she was found not guilty by reason of insanity and such a finding is not a conviction.

Although the California Legislature has set forth procedures for former probationers, it has not devised a similar statute for those who seek relief from a judgment of not guilty by reason of insanity.[2] Insanity plea procedures are dealt with in an entirely different area of the Penal Code. Insanity plea procedures are outlined in sections 1026 and 1027 and these provisions are silent concerning relief for insanity plea defendants. We conclude section 1203.4 cannot be stretched beyond its intended application to former probationers to encompass those who seek relief from a judgment of not guilty by reason of insanity. Section 1203.4 applies only to those whom the court has placed on probation. Our hands are tied. It would be impertinent for this court to place a strained interpretation upon section 1203.4 merely to bring about a result which, in the enactment of that statute, was neither contemplated nor intended.

Further support for our conclusion section 1203.4 does not provide relief for insanity plea defendants is found in *People* v. *Borja* (1980) 110 Cal.App.3d 378 [167 Cal.Rptr. 813]. In *Borja,* a former parolee sought to have the court dismiss his charges under Penal Code section 1203.4. The court held section 1203.4 applies only to those whom the trial court has placed on probation and does not apply to those who have been discharged from parole. Thus, the defendant was ineligible for the relief sought because the trial court lacked jurisdiction. (*Id.,* at pp. 382-383.)

---

[2]We note the California Legislature has clearly set forth various statutory procedures for those who seek relief from criminal penalties and disabilities. In addition to the procedures for relief available to former probationers, the Legislature has enacted provisions permitting one who has been released from state prison and discharged from parole to obtain a certification of rehabilitation and a pardon. (§ 4852.01.) Moreover, individuals arrested and later found factually innocent of a criminal charge may have his records sealed and destroyed. (§ 851.8.) Likewise, other statutes specifically permit juvenile records to be sealed. (See Welf. & Inst. Code, § 781; Pen. Code, § 851.7.)

We also note Morrison's reliance on *Ayala* v. *Superior Court* (1983) 146 Cal.App.3d 938 [194 Cal.Rptr. 665], is misplaced. Although the trial court in *Ayala* granted relief to a mentally disordered sex offender (MDSO) outpatient under section 1203.4, the appellate court never discussed the ruling nor was it ever challenged. (*Id.*, at p. 941.) The reviewing court merely mentioned such relief was granted in a preliminary discussion of the procedural posture of the case. Instead, the crucial question for the *Ayala* court involved whether the defendant's petition for a certificate of rehabilitation under section 4852.03 was prematurely filed. (*Id.*, at pp. 941-942.) The court held equal protection principles require the procedure to obtain a certificate of rehabilitation be applied to MDSO outpatients and to parolees in the same manner. (*Id.*, at pp. 945-946.)

We disagree with the *Ayala* trial court's assumption section 1203.4 applies to both MDSO outpatients and to probationers. The appellate court's holding in *Ayala* is inapplicable here as well. The statutory procedure to obtain a certificate of rehabilitation discussed in *Ayala* applied to both parolees and to MDSO outpatients. The equal protection violation resulted from discriminatory filing restrictions which required a longer waiting period for MDSO's.

The facts of the present case can be clearly distinguished from *Ayala*. The plain language of the statute here limits the application of section 1203.4 to convicted persons the trial court has placed on probation. Morrison is not eligible for relief under section 1203.4. The trial court lacked jurisdiction to grant the relief sought.

Morrison's argument concerning unfairness of the law in denying her relief to the degree a person convicted of a crime, but granted probation, can expunge the record has not fallen on deaf ears. The Legislature is the appropriate body to petition for relief and solution of a multifaceted problem.

The order denying Morrison relief under the provisions of section 1203.4 of the Penal Code is affirmed.

Brown (Gerald), P. J., and Gamer, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.