[No. B009424. Second Dist., Div. Four. Dec. 23, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM EARL JONES, Defendant and Appellant.

## COUNSEL

Wilbur F. Littlefield, State Public Defender, under appointment by the Court of Appeal, Laurence M. Sarnoff, David Meyer and John Hamilton Scott, Deputy State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert R. Anderson and William H. Davis, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ARGUELLES, J.**—William Earl Jones (appellant) appeals from an order denying his application for a certificate of rehabilitation pursuant to Penal Code section 4852.01.[1]

The sole issue before us is whether section 4852.01 denies equal protection of the law to former probationer felons because subsequent incarceration renders them ineligible for a certificate of rehabilitation under the statute but does not similarly render ineligible former state-prisoner felons. We conclude that section 4852.01, as part of a broader statutory scheme to provide relief from criminal penalties and disabilities to all ex-felons, does not violate the constitutional requirement of equal protection of the law because: (1) the Legislature has drawn a proper distinction between two categories of ex-felons who are not similarly situated by virtue of separate and distinct statutory provisions for relief available to former probationers exclusively, pursuant to section 1203.4; and (2) a rational relationship exists

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

between the differing statutory criteria of eligibility for a certificate of rehabilitation applicable to former probationers and former state prisoners, pursuant to section 4852.01, and the state's legitimate purpose of rehabilitating and restoring rights to ex-felons who are not similarly situated.

In 1972, appellant was convicted of grand theft in violation of section 487, subdivision 2, a felony. He was placed on probation for three years on the condition that he serve 180 days in county jail. Appellant successfully completed probation, and the conviction was set aside and the matter dismissed pursuant to section 1203.4.

In 1984, appellant filed a "Petition for Certificate of Rehabilitation and Pardon" pursuant to section 4852.01. Under section 4852.12, an investigation was conducted by the Los Angeles County district attorney, and a report was filed in the superior court. Included in the report was appellant's Criminal Identification and Investigation (CII) record which reflected that in 1977 he pled guilty to possession of stolen property, a misdemeanor (§ 496), and was granted summary probation on the condition that he serve 10 days in the county jail. Also included in the district attorney's report was a United States Department of Justice (FBI) report which indicated that, in 1976, appellant was apparently sentenced to five days in custody for a marijuana offense. At the hearing on appellant's application for a certificate of rehabilitation, the court found that appellant was ineligible for relief under section 4852.01, subdivision (c), because he had been incarcerated for criminal offenses following the dismissal of the information.[2]

Appellant contends that the denial of a certificate of rehabilitation under subdivision (c) of section 4852.01 deprived him of equal protection of the law because a defendant sentenced to state prison for the same offense, who applied for a certificate of rehabilitation under subdivision (b) thereof, would not have been rendered ineligible for a certificate of rehabilitation because of subsequent incarceration.[3]

---

[2]Section 4852.01, subdivision (c) provides: "Any person convicted of a felony the accusatory pleading of which has been dismissed pursuant to Section 1203.4 may file a petition for certificate of rehabilitation and pardon pursuant to the provisions of this chapter; provided the petitioner has not been incarcerated in any prison, jail, detention facility or other penal institution or agency since the dismissal of the accusatory pleading and is not on probation for the commission of any other felony, and petitioner presents satisfactory evidence of three years residence in this state prior to the filing of the petition."

[3]Section 4852.01, subdivision (b) provides: "Any person convicted of a felony who, on May 13, 1943, was confined in a state prison or other institution or agency to which he was committed and any person convicted of a felony after that date who is committed to a state prison or other institution or agency may file a petition for a certificate of rehabilitation and pardon pursuant to the provisions of this chapter."

## DISCUSSION

■ " '[O]nce the Legislature has determined to afford judicial relief to a class of persons, the limitation is invalid unless there is a rational basis [or a compelling state interest] for denying the right to seek relief to persons not in the described class.' (*McMahon* v. *Municipal Court* (1970) 6 Cal.App.3d 194, 199 [85 Cal.Rptr. 782].)" (*Hooper* v. *Deukmejian* (1981) 122 Cal.App.3d 987, 1008 [176 Cal.Rptr. 569].)

■ "Before deciding whether or not the . . . legislation violates the equal protection clauses of the United States and California Constitutions, we must look at the tests employed in reviewing legislative classification. (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 16 [112 Cal.Rptr. 786, 520 P.2d 10]; *People* v. *Ryser* (1974) 40 Cal.App.3d 1, 6 [114 Cal.Rptr. 668].) 'When a classification is based upon a "suspect" category (race, creed, sex, wealth, etc.) or touches upon a "fundamental interest," it is subject to "strict scrutiny" and "active and critical analysis" by the court. The state then "bears the burden of establishing not only that it has a *compelling* interest which justifies the law but that the distinctions drawn by the law are *necessary* to further its purpose." ' (*People* v. *Ryser, supra,* at p. 6.) ■ In the absence of a suspect category or fundamental interest, it must be determined whether the legislative classification rationally relates to a legitimate state interest. (*Newland* v. *Board of Governors* (1977) 19 Cal.3d 705, 711 [139 Cal.Rptr. 620, 566 P.2d 254].) 'Neither our cases nor those of the United States Supreme Court have settled on a particular verbal formula to express this proposition. Some decisions require that the classification " 'bear some rational relationship to a conceivable legitimate state purpose' " [citation]; others, that the classification must rest upon "some ground of difference having a fair and substantial relation to the object of the legislation" [citations]. [¶] . . . . All of the formulas require the court to conduct "a serious and genuine judicial inquiry into the correspondence between the classification and the legislative goals" . . . .' (*Newland* v. *Board of Governors, supra,* at p. 711; see also *Cooper* v. *Bray* (1978) 21 Cal.3d 841, 847-848 [148 Cal.Rptr. 148, 582 P.2d 604].)" (*Hooper* v. *Deukmejian, supra,* 122 Cal.App.3d at pp. 1008-1009.)

■ Although appellant argues, alternatively to the rational basis standard, that the strict scrutiny standard ought to apply, that standard has been utilized only " 'in cases involving "suspect classifications" or touching on "fundamental interests." ' " (*Serrano* v. *Priest* (1971) 5 Cal.3d 584, 597 [96 Cal.Rptr. 601, 487 P.2d 1241, 41 A.L.R.3d 1187].) Appellant here cites neither authority nor persuasive reasoning for the proposition that former probationers who have re-offended constitute a "suspect classification" comparable to racial and sexual classifications or for the claim that the right

to seek a certificate of rehabilitation and pardon is a "fundamental interest" analogous to voting rights or education. Under these circumstances, we conclude that the strict scrutiny analysis should not apply. (See *Brown* v. *Merlo* (1973) 8 Cal.3d 855, 862, fn. 2 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505].)

■ "This principle of 'equal protection' preserved by both state and federal Constitutions, of course, 'does not preclude the state from drawing any distinctions between different groups of individuals' [citation], but it does require that, at a minimum, 'persons similarly situated with respect to the legitimate purpose of the law receive like treatment.' [Citations.]" (*Brown* v. *Merlo, supra,* 8 Cal.3d 855, 861.)

■ In order to determine whether under section 4852.01, subdivision (c), former probationers who have obtained the benefits of relief from criminal penalties and disabilities under section 1203.4 are similarly situated with former state prisoners under section 4852.01, subdivision (b), we must examine the nature and purpose of probation, in contrast to parole or imprisonment, as reflected in section 1203.4 as it relates to the relief provided in that section.

Section 1203.4 provides in relevant part as follows: "(a) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, . . . the defendant shall, at any time after the termination of the period of probation, *if he is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense,* be permitted by the court to withdraw his plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he shall thereafter be released from all penalties and disabilities resulting from the offense of which he has been convicted . . . ." (Italics added.)

In *People* v. *Borja* (1980) 110 Cal.App.3d 378, 381-382 [167 Cal.Rptr. 813], the court held that section 1203.4 applies only to those who have successfully completed probation and not to those who have been discharged from parole.[4] In commenting upon the separate and distinct statutory procedures that apply to former probationers and former parolees, the court

---

[4]Similarly, in *People* v. *Morrison* (1984) 162 Cal.App.3d 995, 998 [208 Cal.Rptr. 800], the court held that "Section 1203.4 applies only to those whom the court has placed on probation" and does not provide relief for insanity plea defendants.

observed: "In California, the procedure for granting probation is set forth in section 1203 et seq. of the Penal Code, whereas the matter of parole is dealt with in an entirely different area of the Penal Code, viz., section 3040 et seq. The procedure for seeking restoration of civil rights following release from state prison and discharge from parole is outlined in yet other sections of the Penal Code, viz., section 4852.01 et seq.

"In granting probation, the trial court retains jurisdiction of the defendant. During the period of his probation, *the probationer remains in the constructive custody of the court* and is bound by the terms and conditions of the court's probation order. *Customarily, such order is tailored to the rehabilitative needs of that defendant.* If the defendant accepts probation and later violates any of the conditions thereof, the court may then revoke its order of probation and impose sentence upon the offending probationer.

"Parole, on the other hand, is the conditional release of a prisoner who has already served part of the term of his sentence in the state prison. Once released from confinement, *a prisoner on parole is not free from legal restraint but is constructively a prisoner in the legal custody of the state prison authorities until officially discharged from his status* as a parolee.

"In our view, the Legislature has devised adequate procedures for those who seek relief from their former status as probationers or as parolees. Those procedures are clearly set forth in the various statutes previously described. It would be impertinent for this court to place a strained interpretation upon a statute merely to bring about a result which, in the enactment *of that statute, was neither contemplated nor intended.*" (*Id.,* at p. 382, italics added.)[5]

From this we conclude that former probationers do not have the same status and, therefore, are not similarly situated with former state prisoners (and those discharged from parole) for purposes of applying section 1203.4.

▪ We proceed then to determine whether the legislative classification between former probationers and former state prisoners under section 4852.01 rationally relates to a legitimate state interest by considering the purpose of section 1203.4 and its relation with section 4852.01, subdivision (c).

The purpose of section 1203.4 was explained nearly fifty years ago, as follows: "*The general purpose of this provision for the dismissal of an*

---

[5]For a discussion of the various categories of former probationers and former state prisoners in terms of their different "badges of rehabilitation" reflected by sections 1203.4 and 4852.01, see concurring opinion of Friedman, J., in *Newland v. Board of Governors* (1977) 19 Cal.3d 705, 715-716 [139 Cal.Rptr. 620, 566 P.2d 254].)

*accusation is to relieve from further punishment, and restore rights to, one whose probation has resulted in his reformation.* The concluding portion of the section, as pointed out in *People* v. *Hainline* [1933] 219 Cal. 532 [28 P.2d 16], 'strips them of all the privileges and rights which were restored to them by the provisions of the original act' and 'provides that if the probationer commits a second offense he shall forfeit all the rights with which he was clothed at the time the court ordered the information dismissed.' In practical effect the concluding portion of the section wipes out the benefits conferred by the dismissal *in the event it develops the main purpose of the probation has failed and another offense is committed.*" (*People* v. *Majado* (1937) 22 Cal.App.2d 323, 325 [70 P.2d 1015], italics added.)

■ Turning to section 4852.01, subdivision (c), and comparing it with section 1203.4, we find that the requirement of section 1203.4 that a former probationer who applies for relief under that section must not be "then serving a sentence of any offense, on probation for any offense, or charged with the commission of any offense," is substantially similar to and consistent with the requirement of section 4852.01, subdivision (c), that the former probationer who has obtained relief under 1203.4 and then petitions for a certificate of rehabilitation and pardon under section 4852.01 must not have "been incarcerated in any prison, jail, detention facility or other penal institution or agency since the dismissal of the accusatory pleading and is not on probation for the commission of any other felony . . . ."

From this we can deduce that the same purpose of section 1203.4, as discussed in *People* v. *Majado, supra,* 22 Cal.App.2d 323, has apparently been incorporated into the subdivision of section 4852.01 providing for eligibility of former probationers to seek a certificate of rehabilitation and pardon. Thus, the Legislature has sought to insure that the reformative or rehabilitative purpose of probation has continued to succeed before a former probationer is deemed eligible to seek a certificate of rehabilitation and pardon by requiring the petitioner for the additional relief provided under section 4852.01 to meet substantially the same criteria of law abidance that the petitioner had to meet to obtain dismissal of the accusatory pleading and the other relief provided by section 1203.4.

■ In contrast to such former probationers, former state prisoners or parolees have not previously benefited from dismissal of the charges against them after satisfying the terms and conditions of a court's probation order that has been tailored to their rehabilitative needs and complying with the lawful conduct criteria of section 1203.4; rather, they have records of conviction that have not been expunged and a history of confinement in the legal custody of the state prison authorities. Thus, as petitioners for a certificate of rehabilitation and pardon, former state prisoners bear the full onus

and stigma of ex-convicts that those former probationers who have previously obtained section 1203.4 relief do not share. Accordingly, we conclude that former probationers are not similarly situated with former state prisoners for purposes of applying section 4852.01.

■ "Provisions of the Penal Code must be construed according to the fair import of their terms with a view to effect the objects of the code and to promote justice. (§ 4; *People* v. *King* (1978) 22 Cal.3d 12, 23 [148 Cal.Rptr. 409, 582 P.2d 1000].)" (*Daudert* v. *People* (1979) 94 Cal.App.3d 580, 586 [156 Cal.Rptr. 640].)

■ Section 4852.01 is obviously one of a number of sections constituting a remedial measure originally enacted as part of the act (Stats. 1943, ch. 400, § 1), the purpose of which, as its official chapter title indicates, was to provide a "Procedure for Restoration of Rights and Application for Pardon." (*Daudert, supra,* at pp. 586-587.)

However, section 4852.01 appears to be only part of a broader statutory scheme to relieve former criminal offenders from criminal penalties and disabilities and to effectuate rehabilitation and restoration of rights. As one court has recently observed in discussing section 1203.4: "We note the California Legislature has clearly set forth various statutory procedures for those who seek relief from criminal penalties and disabilities. In addition to the procedures for relief available to former probationers, the Legislature has enacted provisions permitting one who has been released from state prison and discharged from parole to obtain a certification of rehabilitation and a pardon. (§ 4852.01.) Moreover, individuals arrested and later found factually innocent of a criminal charge may have his records sealed and destroyed. (§ 851.8.) Likewise, other statutes specifically permit juvenile records to be sealed. (See Welf. & Inst. Code, § 781; Pen. Code, § 851.7.)" (*People* v. *Morrison* (1984) 162 Cal.App.3d 995, 998, fn. 2 [208 Cal.Rptr. 800].)

The preceding analysis demonstrates that the California Legislature has established two separate and distinct procedures in sections 1203.4 and 4852.01 for ex-felons who seek relief from criminal penalties and disabilities and seek a restoration of their civil rights and the opportunity to obtain a pardon: for former probationers who meet certain qualifications, including lawful conduct criteria, the Legislature has enacted a procedure for withdrawal of a plea of guilty or nolo contendere and entry of a not guilty plea, or setting aside of a guilty verdict after a plea of not guilty, and dismissal of the accusations or information against him (§ 1203.4); for former state prisoners, and former probationers who have obtained section 1203.4 relief and meet the statutory criteria, the Legislature has enacted provisions per-

mitting them to obtain a certificate of rehabilitation and pardon (§ 4852.01). Although both procedures provide for restoration of rights to ex-felons, former prisoners are not eligible for the relief provided in section 1203.4 and former probationers who have previously obtained section 1203.4 relief *are* eligible to also obtain a certificate of rehabilitation under section 4852.01 but *only if* they meet the criteria that are substantially the same as and consistent with the lawful conduct criteria of section 1203.4 to demonstrate their continuing rehabilitation from probation. ▮ Thus, when read together these sections can be seen to form part of the broad statutory scheme for rehabilitation and restoration of rights attending relief from criminal penalties and disabilities to all ex-felons by setting forth the criteria of rehabilitation that the Legislature has deemed appropriate for these two classifications of former offenders. We conclude that, as part of this broad statutory scheme, section 4852.01 does not violate the constitutional requirement of equal protection of the law because (1) it concerns two different classes of ex-felons who, thus, are not similarly situated, and (2) a rational relationship exists between the criteria of eligibility for a certificate of rehabilitation for these two classes of ex-felons and the state's legitimate purpose of rehabilitating and restoring rights to ex-felons who are not similarly situated.

DISPOSITION

The order denying appellant relief under section 4852.01 is affirmed.

Woods, P. J., and McClosky, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 17, 1986.