Filed 11/22/13  P. v. Washington CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SEAN DEMETRIUS WASHINGTON,<br><br>        Defendant and Appellant. | A137951<br><br>(Marin County<br>Super. Ct. No. SC165001E) |

Sean Demetrius Washington appeals from denial of his motion for dismissal under Penal Code section 1203.4[1] following a plea of guilty to involuntary manslaughter. His court-appointed attorney has filed a brief raising no legal issues and asking this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

## FACTS AND PROCEEDINGS BELOW

On June 16, 2009, a Marin County grand jury returned a multi-count indictment naming appellant and five others.  Appellant was charged with conspiracy to commit special circumstances murder, as well as with commission of the murder itself, and conspiracy to dissuade a witness by force, as well as direct commission of witness dissuasion.  (§§ 182, subd(a)(1), 136.1, subd. (c)(1), (2).)  The indictment also contained various other special allegations not germane to the issues presented.

---

[1]All statutory references are to the Penal Code.

1

On September 2, 2011, shortly before commencement of trial, appellant entered into a plea agreement with the district attorney.  In return for, among other things, booking under an alias and relocation to a detention facility outside of Marin County until sentencing, a stipulated sentence of five years—four years for involuntary manslaughter and an additional year for the gun enhancement (§ 192, subd. (b), 12022, subd. (a)) —and the dismissal of all remaining charges,   appellant agreed to testify for the prosecution against the remaining defendants.  Both parties fulfilled their obligations under the agreement.  At the sentencing hearing on July 19, 2012, the five-year term was deemed by the court to have been served and appellant was released from custody.

On December 07, 2012, appellant's counsel filed a motion for dismissal pursuant to section 1203.4.  On January 25, 2013, the  court denied the motion.  A timely notice of appeal was filed on February 14, 2013.

## DISCUSSION

Appellant's motion to dismiss states that it "seeks to expunge his record of conviction" in order to "facilitate [his] ability to obtain gainful employment, become self supporting, and assume a societal role as a responsible, taxpaying citizen.  This highly worthwhile goal can be accomplished by means of a statutory legal fiction permitting Mr. Washington to deny, in a non-governmental job application, that he has been convicted of a felony."

Although appellant's motion to dismiss was based primarily on section 1203.4, it also relies on provisions and the policy of the so-called "realignment" program described in section 1170, and on appellant's "special status as a previous witness for the prosecution . . . , and a recipient of witness relocation services through the District Attorney's Office."

As material, section 1203.4, provides that "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any

2

time after the termination of the period of probation . . . be permitted by the court to withdraw his or her plea of guilty . . . and enter a plea of not guilty . . . and . . . the court shall thereupon dismiss the accusations or information against the defendant and . . . he or she shall thereafter be released from all penalties or disabilities resulting from the offense of which he or she has been convicted. . . . The probationer shall be informed, in his or her probation papers, of this right and privilege . . . ." (§ 1203.4, subd. (a)(1).)

In his motion papers appellant pointed out that because his offense "fell within the provisions of realignment, he was never placed on parole," and because less than a week remained on his sentence at the time he was released, "he was never referred to probation, since any potential period of probation, under realignment, would have expired prior to the receipt of a report, and because probation would have been pointless in light of his pending relocation[,] [h]e was therefore sentenced forthwith and released from custody." According to appellant, "there is nothing about [his] *conviction* that would make him ineligible for expungement [under section 1203.4, subdivision (a)(1)] . . . . In fact, the only possible obstacle to his qualification for expungement is that [appellant] was sentenced to prison, without any *formal* suspension of the execution of that sentence." Appellant maintains that had execution of his sentence been suspended, "there is no question [he] would have *qualified* for expungement, even prior to realignment." As appellant sees it, "[t]he novel question raised by [his] expungement motion is whether realignment itself has *now* acted as a de jure suspension of the execution of his sentence to prison for purposes of [section] 1203.4."

According to appellant, "[t]he critical fact" is "that, because of realignment, [he] never did go to prison and was never placed on parole. Under those circumstances he, in effect, suffered something analogous to a simple jail sanction, albeit a lengthy one. Because the criminal proceedings were lengthy as well, and ate up almost all of his potential probation time, [his] situation was, in the words of [section] 1203.4, subsection (a), like that of 'a defendant . . . who has been discharged prior to the termination of the period of probation.' His situation, in other words, was closer to that of one receiving [a suspended] sentence, with or without a continuing period of probation following his jail

3

sanction, than to that of a state prisoner released on parole." Appellant also relied on language in section 1203.4, subdivision (a), "stating that, even where all the conditions of probation have not been completed, or there has been no early termination, a defendant who has not come back into the system should also be granted the available relief 'in any other case in which a court, in its discretion and the interests of justice' determines that such is the proper course."

The district attorney opposed appellant's motion on the ground that the plain language of section 1203.4 limits its application to defendants who were placed on probation; therefore, because he was sentenced to prison and never placed on probation, the statute is wholly inapplicable to him. The trial court agreed, as do we.

As the trial court observed, our opinion in *People v. Borja* (1980) 110 Cal.App.3d 378 (*Borja*) is controlling. After pleading guilty to second degree murder and assaulting an officer with a deadly weapon, the defendant in *Borja* was sentenced to prison and subsequently released on parole. (*Id*. at p 380) At that time he moved to withdraw his guilty pleas, enter pleas of not guilty, and have the court dismiss the charges pursuant to section 1203.4. The motion was denied. We affirmed, holding that section 1203.4 applies only to those who have been placed on probation by and under the jurisdiction of the trial court, and does not apply to one who has been discharged from parole. (*Borja, supra*, at p. 382–383.) We also held that the trial court did not abuse its discretion by refusing to exercise it, as the court lacked jurisdiction in the first place. (*Id*. at p. 383.)

The provisions of the Penal Code pertaining to "realignment" simply have no bearing on appellant's motion. The dispositive facts are that appellant was sentenced to a five-year prison term, probation was never granted, or even contemplated, and execution of his sentence was never suspended. Nothing in the realignment scheme renders it significant for our purposes that appellant served all of his time in local custody, not state prison. As the district attorney pointed out below, a "prison prior" remains such under "realignment" even where the defendant served all of his "prison time" in local custody. No reason appears why a defendant who has served all of his "prison time" in local custody for the different reasons at play in this case should be treated differently.

4

Finally, even if, as is not the case, the trial court had jurisdiction to grant appellant the relief he sought, reduction of the charges against appellant, and his "special status as a previous witness for the prosecution" would not warrant dismissal "in the interests of justice." According to the district attorney, at the time appellant filed his motion he was the only one of the many defendants in the case not then waiting to be sentenced for first degree murder with special circumstances. In short, he had already received a substantial benefit for the assistance he provided the prosecution; and it was far too soon to be confident he would lead a law-abiding life in the future.

For the foregoing reasons, the trial court's denial of appellant's motion to dismiss was not even arguably erroneous. As the record before us does not relate to the validity of appellant's plea or any other reviewable issue, we conclude that no arguable issues require further briefing.

Accordingly, the challenged denial of appellant's motion to dismiss is affirmed.

_____
Kline, P.J.


We concur:


_____
Richman, J.


_____
Brick, J.*


* Judge of the Alameda County Superior Court, assigned by the Chief Justice
pursuant to article VI, section 6 of the California Constitution.

5