Filed 12/7/20  P. v. Ruiz CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ARMANDO RUIZ,<br><br>Defendant and Appellant. | F079831<br><br>(Super. Ct. No. F15907129)<br><br><br>**OPINION** |

**THE COURT**\*

APPEAL from an order of the Superior Court of Fresno County.  Adolfo M. Corona, Judge.

Moran Law Firm, Amanda K. Moran and Janay D. Kinder for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Franson, J. and Peña, J.

Defendant Armando Ruiz stands convicted of misdemeanor possession of child pornography. After completing the terms of his probation, he sought dismissal of the charge. The trial court found defendant was statutorily ineligible for relief. Defendant contends on appeal that Penal Code sections 1203.4[1] and 4852.01 are in conflict. He asks that we resolve the purported conflict and find he is eligible for relief pursuant to section 1203.4. We affirm.

## PROCEDURAL SUMMARY

On December 2, 2015, the Fresno County District Attorney charged defendant with felony possession of child pornography (§ 311.11, subd. (a); count 1).

On June 14, 2016, defendant pled no contest on count 1.

On October 19, 2016, the trial court reduced defendant's conviction from a felony to a misdemeanor and granted him three years' formal probation. The terms of probation included: completion of a sex offender treatment program, performance of 50 hours of community service, registration pursuant to section 290, and payment of various fines and fees.

On July 30, 2018, defendant moved to terminate his probation pursuant to section 1203.3 and dismiss count 1 pursuant to section 1203.4. The trial court granted the motion to terminate probation but did not rule on defendant's motion to dismiss.

On April 10, 2019, the trial court denied without prejudice defendant's motion to dismiss pursuant to section 1203.4.

On July 1, 2019, defendant filed a second motion to dismiss pursuant to section 1203.4 and sought for the first time a certificate of rehabilitation pursuant to section 4852.01. On August 1, 2019, the court denied defendant's motion in full.

On August 20, 2019, defendant filed a notice of appeal.

---

[1]     All further statutory references are to the Penal Code.

On December 10, 2014, Fresno County Sheriff's deputies seized defendant's home computers. One of the computers contained one video file and five thumbnail images depicting child pornography.

**DISCUSSION**

Defendant argues that he should qualify for relief pursuant to section 1203.4, subdivision (a), despite subdivision (b) expressly making those convicted of possession of child pornography ineligible for relief. Defendant contends that because section 4852.01 allows a defendant who goes to prison for a conviction of possession of child pornography to petition for a certificate of rehabilitation and pardon, defendant should be entitled to withdrawal of his no contest plea and dismissal of his charge pursuant to section 1203.4. The People disagree, as do we.

We review questions of statutory interpretation de novo. (*ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 188–189.) " 'When interpreting statutes, we begin with the plain, commonsense meaning of the language used by the Legislature.… If the language is unambiguous, the plain meaning controls.' " (*People v. Leiva* (2013) 56 Cal.4th 498, 506.) However, " '[i]f the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' " (*Kirzhner v. Mercedes-Benz USA, LLC* (2020) 9 Cal.5th 966, 972.) "[W]e may reject a literal construction that is contrary to the legislative intent apparent in the statute or that would lead to absurd results." (*Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 27.)

First, section 1203.4, subdivision (a) provides, in relevant part: "In any case in which a defendant … has been discharged prior to the termination of the period of

---

[2] The plea was entered pursuant to *People v. West* (1970) 3 Cal.3d 595. Because the substantive facts are not in dispute on appeal, we provide only a brief recitation of facts from the probation report.

probation … the defendant shall … be permitted by the court to withdraw his … plea of nolo contendere and enter a plea of not guilty .…" However, section 1203.4, subdivision (b) makes relief pursuant to section 1203.4, subdivision (a) unavailable to defendants convicted of specified sex offenses. It reads, in relevant part: "Subdivision (a) … does not apply … to any violation of … [s]ection 311.11 .…" (§ 1203.4, subd. (b).)

Here, because defendant was convicted of possession of child pornography (§ 311.11), he was ineligible for relief under section 1203.4, subdivision (a) based on the unambiguous plain language of section 1203.4, subdivision (b). The trial court was correct that it lacked the discretion to grant defendant the relief he sought.

Nevertheless, defendant argues he should be granted relief pursuant to section 1203.4 because, had he been convicted of *felony* (rather than misdemeanor) possession of child pornography, he would be eligible to petition for a certificate of rehabilitation and pardon pursuant to section 4852.01.[3]

Section 4852.01 allows a person convicted of a felony offense who is committed to custody, or a felony or misdemeanor sex offense[4] which has been dismissed pursuant to section 1203.4, to file a petition for a certificate of rehabilitation and pardon. (§ 4852.01, subds. (a) & (b).)[5] As a result, a person convicted of misdemeanor

---

[3] Defendant does not advance an equal protection argument.

[4] Persons convicted of specified sex offenses against children are excluded from relief under section 4852.01 absent "extraordinary circumstances." (§ 4852.01, subds. (c) & (d).) However, section 4852.01 is only one path to a gubernatorial pardon. A person convicted of a crime may also petition the Governor directly (§ 4800 et seq.). (*People v. Ansell* (2001) 25 Cal.4th 868, 890.)

[5] The People contend that "obtaining a certificate of rehabilitation is contingent upon obtaining dismissal of the charge pursuant to section 1203.4." Persons convicted of felony offenses who are committed to custody are not required to first obtain a dismissal under section 1203.4. (§ 4852.01, subd. (a).) Indeed, persons convicted of felony offenses who are committed to custody are ineligible for relief pursuant to section 1203.4. (*People v. Borja* (1980) 110 Cal.App.3d 378, 381–382.)

possession of child pornography may not file a petition for a certificate of rehabilitation and pardon pursuant to section 4852.01 (because he or she is not entitled to relief pursuant to section 1203.4) (§ 4852.01, subd. (b)), but a person convicted of felony possession of child pornography and committed to custody may file a petition for a certificate of rehabilitation and pardon pursuant to section 4852.01 (§ 4852.01, subd. (a)).

Defendant asks us to read this apparent disparity as an indication that section 1203.4 is intended to extend relief to those convicted of misdemeanor possession of child pornography because it is a prerequisite to relief pursuant to section 4852.01, subdivision (b). Defendant's proposed reading is not reasonable. Section 1203.4, subdivision (b) clearly makes defendant ineligible for relief. The fact that defendant's ineligibility for relief under section 1203.4 also renders him ineligible for relief under section 4852.01 does not require a different outcome or suggest any inconsistency.[6] (Cf. *People v. Jones* (1985) 176 Cal.App.3d 120, 129 [section 4852.01 incorporates the same purpose as section 1203.4].)

## DISPOSITION

The order is affirmed.

---

**6** Further supporting our conclusion, the limitation on relief imposed by section 1203.4, subdivision (b) was imposed as part of the same bill that limited relief under section 4852.01 to those convicted of specified sex offenses against children. (See *People v. Arata* (2007) 151 Cal App.4th 778, 785–786.) The Legislature appears to have understood the impact of section 1203.4, subdivision (b) on section 4852.01 relief. Accordingly, even if the meaning of section 1203.4, subdivision (b) was not clear and unambiguous, the legislative history would convince us that the Legislature intended those convicted of misdemeanor violations of the offenses identified in section 1203.4, subdivision (b) to be ineligible for relief pursuant to section 4852.01.