Filed 9/3/15  P. v. Escobedo CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B261311, B261585 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. Nos. BA248590, BA195873, BA094346) |
| CARLOS MARTINEZ ESCOBEDO, | |
| Defendant and Appellant. | |

APPEALS from orders of the Superior Court of Los Angeles County, Monica Bachner, James R. Brandlin, Charlaine F. Olmedo and Dorothy B. Reyes, Judges. Affirmed.

Heather J. Manolakas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Carlos Martinez Escobedo was charged, pleaded guilty to some of the charges, and was sentenced in three cases. In 1994 (case No. BA094346), Escobedo was charged with violation of Health and Safety Code[1] sections 11351.5 and 11350, subdivision (a); he pleaded guilty to a violation of section 11350 and was sentenced to a prison term. In 1999 (case No. BA195873), Escobedo was charged with a violation of section 11351.5; in 2000, he pleaded guilty, and was sentenced to a prison term. In 2003 (case No. BA248590), Escobedo was charged with violation of sections 11351.5 and 11350, subdivision (a), pleaded guilty to a violation of section 11351.5, and was sentenced to a prison term.

On October 6, 2014, Escobedo filed a petition for writ of habeas corpus titled "Motion to Vacate Judgments and Conviction Pursuant to California Penal Code [section] 1473 et seq." describing his 1994, 2000, and 2003 convictions. He argued that he received ineffective assistance of counsel in each case in part because he had not been advised of adverse immigration consequences before pleading guilty. Escobedo's return address was United States Penitentiary, Lompoc, and he stated he had been removed to Mexico in 2001 and "[p]etitioner is now serving an sentence for illegal reentry to his own country."

Escobedo filed a "Motion to Expunge and Seal Records" in all three cases on November 3, 2014, and a motion to consolidate and expunge all three convictions.

The trial court summarily denied the habeas petition on November 6, 2014 for multiple reasons, including that Escobedo failed to allege that he was actually or constructively in the custody of the state of California, instead appeared to be in federal custody in Lompoc, and therefore was not in actual or constructive state custody; he had not alleged a basis to excuse the requirement of state custody; and even assuming the facts in the petition were true, he had not alleged facts establishing a prima facie case for habeas relief.

---

[1] All further statutory references are to the Health and Safety Code unless otherwise indicated.

On November 26, 2014, Escobedo filed as to each of the three cases an identical writ of *coram nobis*. Escobedo argued that he had received ineffective assistance of counsel in each case. Counsel had misadvised him about immigration consequences, failed to file a motion to suppress in his 1994 conviction, coerced him into pleading guilty in his 2000 conviction, and failed to investigate the factual background and so did not properly advise him in his 2003 conviction.

The trial court denied the petition for writ of *coram nobis* on December 11, 2014. Escobedo filed a notice of appeal.

On December 12, the trial court denied Escobedo's request for an order of dismissal under Penal Code section 1203.4. The court also denied his petition under Penal Code section 851.8 on the ground that Escobedo pleaded guilty and served a state prison sentence. On December 19, 2014, Escobedo filed a motion for reconsideration of the denial of his habeas petition, which the court denied on December 24, 2014. Escobedo filed a notice of appeal and requested consolidation of the postconviction petitions. On our own motion, we consolidated the two appeals for the purpose of disposition.

We appointed counsel to represent Escobedo on appeal. After examining the record, counsel filed opening briefs raising no issues and asking this court to review the record independently. On May 27, 2015, we advised Escobedo he had 30 days within which to personally submit any contentions or issues he wished us to consider. To date, we have received no response.

Actual or constructive state custody is a prerequisite for the remedy of habeas corpus. (*People v. Villa* (2009) 45 Cal.4th 1063, 1068–1069; *People v. Kim* (2009) 45 Cal.4th 1078, 1108.) Escobedo appears to argue in his habeas petition that he was deported in 2001 (two years before his 2003 conviction) as a result of his state conviction or convictions, and therefore his service at Lompoc of his federal sentence for illegal reentry is constructive custody by the state. "[C]ollateral consequences of a criminal conviction—even those that can later form the basis of a new criminal conviction—do not of themselves constitute constructive custody." (*People v. Villa*, *supra*, 45 Cal.4th at

3

p. 1070.) Deportation proceedings are a collateral consequence of a state conviction, and subsequent detention by federal immigration authorities pending deportation does not constitute constructive custody by California. (*Id.* at p. 1072.) Escobedo's federal imprisonment in 2014 following a conviction for illegal reentry is a further step removed from his state convictions in 1994, 2000, and 2003. His deportation was a collateral consequence that formed the basis of a new criminal conviction, and his federal imprisonment is not constructive custody. The trial court did not err in denying Escobedo's habeas petition and did not abuse its discretion in denying his motion for reconsideration.

We review for an abuse of discretion the trial court's ruling on the petition for the writ of *coram nobis*. (*People v. Kim*, *supra*, 45 Cal.4th at p. 1095.) A constitutional claim of ineffective assistance of counsel "cannot be vindicated on *coram nobis*." (*Ibid.*) Further, a petitioner for the writ must show due diligence, and the burden falls on Escobedo to explain and justify delay in filing the petition, as well as to allege with specificity the time and circumstance under which the facts were discovered. (*Id.* at pp. 1096–1097, 1098–1099.) Escobedo did not address why he filed his petition in 2014, almost 11 years after his latest conviction and more than 20 years after his earliest conviction. Finally, the trial court stated that his claims had been raised and rejected in previous filings. Escobedo's habeas petition, denied before he filed his petition for the writ of *coram nobis*, raises the same ineffective assistance claims. "[A] litigant seeking extraordinary relief from a final judgment is not entitled to bring his legal claims to court seriatim. . . . [Citations.] As with petitions for writs of habeas corpus, one seeking relief via *coram nobis* may not attack a final judgment in piecemeal fashion, in proceedings filed seriatim, in the hopes of finally convincing a court to issue the writ." (*Id.* at p. 1101.) The trial court did not abuse its discretion in denying the petition.

Penal Code section 1203.4 relief is not available to a defendant who has pleaded guilty to felony charges and served prison terms, as Escobedo did in each case. (*People v. Borja* (1980) 110 Cal.App.3d 378, 380.)

4

A motion to seal and expunge records under Penal Code section 851.8 is available only to a person who has been arrested and no accusatory pleading is filed. (Pen. Code, § 851.8, subd. (a).) Escobedo was charged and convicted in each case.

We have examined the entire record and are satisfied that Escobedo's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The orders are affirmed.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

ROTHSCHILD, P. J.

MOOR, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.