Filed 11/10/15; pub. order 12/8/15 of opn. on remand (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G048369 |
|      v. | (Super. Ct. No. M14588) |
| JOHN LYNN TIREY, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Lance Jensen, Judge. Affirmed.

Law Offices of Robert D. Salisbury and Robert Salisbury for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

INTRODUCTION

In 2013, this court determined in *People v. Tirey* (Nov. 15, 2013, G048369) (nonpub. opn.), rehearing granted December 11, 2013 (*Tirey I*) that defendant John Lynn Tirey was eligible to apply for a certificate of rehabilitation pursuant to Penal Code section 4852.01. (All further statutory references are to the Penal Code, unless otherwise specified.) After rehearing, a majority in *People v. Tirey* (Apr. 25, 2014, G048369) (nonpub. opn.), review granted August 20, 2014, S219050 (*Tirey II*), reached the same conclusion. The California Supreme Court granted the Attorney General's petition for review, and has since transferred the case back to this court to reconsider its decision following *Johnson v. Department of Justice* (2015) 60 Cal.4th 871.

In both *Tirey I* and *Tirey II*, we urged the Legislature to give attention to the statutes at issue. A bill was proposed following the issuance of *Tirey I*, and legislation amending the statutes was enacted after the issuance of *Tirey II*. Under the language of the relevant statutes as they now read, neither defendant nor a person convicted of committing a similar or more heinous sex crime against a minor would be eligible to apply for a certificate of rehabilitation; as a consequence, no constitutional issues are implicated.

Our Supreme Court held in *Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232 (*Western Security*) that when an appellate court issues an opinion, and the Legislature considers that opinion in clarifying the challenged law, we are bound to apply the clarified law in the pending case. Doing so here, we hold that defendant is not eligible to apply for a certificate of rehabilitation, and affirm the trial court's order.

2

PROCEDURAL HISTORY

In September 1998, defendant pled guilty to six counts of violating section 288, subdivision (a), and was sentenced to six years in prison.[1] He was released from prison in February 2001, and was discharged from parole in February 2004.

About nine years later, in January 2013, defendant filed a petition for a certificate of rehabilitation pursuant to section 4852.01. The trial court denied defendant's petition on the ground that defendant was statutorily barred from obtaining a certificate of rehabilitation under section 4852.01, subdivision (d). Defendant timely appealed. This court reversed, concluding that the application of sections 290.5 and 4852.01 violated equal protection principles. (*Tirey I*, *supra*, G048369.)

The Attorney General filed a petition for rehearing, raising two new arguments. We granted the petition, but, in a majority opinion, again reversed the trial court, concluding the new arguments did not change our initial conclusion. (*Tirey II*, *supra*, G048369.)

After *Tirey I*, Assembly Bill No. 1438 (2013-2014 Reg. Sess.) (Assembly Bill No. 1438) was introduced. The bill proposed amending sections 4852.01, subdivision (d), 290.5, and 3000.1 to clarify that a person convicted of violating section 288.7 was ineligible to apply for a certificate of rehabilitation (which eliminated the equal protection issue identified in *Tirey I* and the majority opinion in *Tirey II*). The stated intent of Assembly Bill No. 1438 was to abrogate the holding of *Tirey I*. Assembly Bill No. 1438 was enacted after our opinion in *Tirey II* issued.

The California Supreme Court granted the Attorney General's petition for review in *Tirey II*, and transferred the case back to this court for reconsideration in light of *Johnson v. Department of Justice*, *supra*, 60 Cal.4th 871. We invited the parties to

---

[1] The abstract of judgment appears to show defendant was sentenced to three years on the principal count, and to concurrent three-year terms on the other five counts. The parties, however, agree that defendant's sentence was for six years.

3

address *Johnson v. Department of Justice* in supplemental briefing, along with the effect on this case of the legislation enacted by Assembly Bill No. 1438. Both defendant and the Attorney General accepted our invitation, and we have considered their supplemental briefs. The matter was submitted pursuant to California Rules of Court, rule 8.256(d)(2).

DISCUSSION

The question before us is whether the passage of Assembly Bill No. 1438, which eliminated the equal protection issue identified in our previous opinions, supports the trial court's denial of defendant's application for a certificate of rehabilitation. The answer is found in *Western Security*, *supra*, 15 Cal.4th 232. In that case, a nonjudicial foreclosure sale of the real property security left a deficiency. (*Id.* at p. 237.) The lender attempted to draw on the standby letters of credit of which the lender was the beneficiary, which would require the borrower to reimburse the issuer of the letters of credit. (*Ibid.*) The Court of Appeal concluded that result would constitute a prohibited deficiency judgment, and reversed the judgment permitting the lender to draw on the letters of credit. (*Id.* at pp. 237-238.)

At issue in *Western Security* was the conflict between the public policies underlying two different statutes—the antideficiency rules in Code of Civil Procedure section 580d, which "precludes a judgment for any loan balance left unpaid after the lender's nonjudicial foreclosure under a power of sale in a deed of trust or mortgage on real property," and the independence principle under Commercial Code section 5114, which "makes the letter of credit issuer's obligation to pay a draw conforming to the letter's terms completely separate from, and not contingent on, any underlying contract between the issuer's customer and the letter's beneficiary." (*Western Security*, *supra*, 15 Cal.4th at p. 237.) The Court of Appeal's opinion had specifically requested that the Legislature consider amending the conflicting statutes: "'To the extent that this result will present problems for real estate lenders with respect to the way they now do business

4

(as the Bank and several amici curiae have strongly suggested), it is a matter which should be addressed to the Legislature. We have been presented with two important but conflicting statutory policies. Our reconciliation of them in this case may not prove as satisfactory in another factual context. It is therefore a matter which should receive early legislative attention.' (Fn. omitted.)" (*Id.* at p. 241.)

While the case was pending before the Supreme Court on a petition for review, the Legislature enacted urgency legislation amending and adding statutes to allow a lender to draw on letters of credit whether or not it had foreclosed on a property pursuant to the terms of the deed of trust. (*Western Security*, *supra*, 15 Cal.4th at pp. 241-242.) The Legislature made clear that its purpose was to abrogate the Court of Appeal's opinion: "'It is the intent of the Legislature in enacting Sections 2 and 4 of this act to confirm the independent nature of the letter of credit engagement and to abrogate the holding [of the Court of Appeal in this case] . . . . [¶] The Legislature also intends to confirm the expectation of the parties to a contract that underlies a letter of credit, that the beneficiary will have available the value of the real estate collateral and the benefit of the letter of credit without regard to the order in which the beneficiary may resort to either.' [Citation.]" (*Id.* at p. 242.) The Supreme Court transferred the case back to the Court of Appeal with directions to vacate its opinion and reconsider the matter in light of the new legislation. (*Ibid.*)

Following the transfer, the Court of Appeal determined that the Legislature's actions "constituted a substantial change in existing law" without a clear indication by the Legislature that it was intended to operate retrospectively. (*Western Security*, *supra*, 15 Cal.4th at p. 242.) Therefore, the Court of Appeal, for the most part, reissued its previous opinion. (*Ibid.*)

On review, the Supreme Court noted the general rule that statutes, including those clarifying existing law, do not operate retrospectively. (*Western Security*, *supra*, 15 Cal.4th at p. 243.) That rule, however, is subject to an exception, "when the

5

Legislature promptly reacts to the emergence of a novel question of statutory interpretation: "'An amendment which in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act, where the amendment was adopted soon after the controversy arose concerning the proper interpretation of the statute. . . . [¶] If the amendment was enacted soon after controversies arose as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act—a formal change—rebutting the presumption of substantial change." [Citation.]' [Citation.]" (*Id.* at pp. 243-244.)

Considering the intent specified within the legislation, as well as the actual changes and additions to the statutes effected by the legislation and previous judicial interpretations of the relevant statutes, the Supreme Court concluded that the legislation clarified the law in response to the Court of Appeal's original opinion, and therefore applied in the case at hand. "The Legislature plainly intended that the sections of Senate Bill No. 1612 we have addressed would apply to existing loan transactions supported by outstanding letters of credit. We conclude the Legislature's action did not effect a change in the law. . . . [¶] . . . [T]he aspects of Senate Bill No. 1612 we have discussed did not effect any change in the law, but simply clarified and confirmed the state of the law prior to the Court of Appeal's first opinion. Because the legislative action did not change the legal effect of past actions, Senate Bill No. 1612 does not act retrospectively; it governs this case." (*Western Security*, *supra*, 15 Cal.4th at p. 252.)

The situation is similar here. In *Tirey I* and *Tirey II*, we faced "a novel question of statutory interpretation" (*Western Security*, *supra*, 15 Cal.4th at p. 243), namely, whether the applicable statutes were intended to create disparate treatment of those persons violating sections 288, subdivision (a) and 288.7, vis-à-vis their right to petition for a certificate of rehabilitation. *Tirey I* identified this issue as one the Legislature should review and consider: "Finally, we observe the Legislature may wish to consider amending sections 4852.01(d) and 290.5(a)(2), to treat section 288(a)

6

offenders and section 288.7 offenders equally for these purposes, and to ensure the overall certificate of rehabilitation and relief from sex offender registration scheme reflects the public policy objectives it was intended to accomplish." (*Tirey I*, *supra*, G048369.) The majority opinion in *Tirey II* acknowledged that the Legislature had begun the process of making the necessary legislative changes: "We recognize that since our original opinion was filed, a bill has been introduced in the California Assembly to provide that a defendant convicted of violating section 288.7 would also be barred from seeking a certificate of rehabilitation under section 4852.01, subdivision (d). We again invite the Legislature's continued attention to this issue." (*Tirey II*, *supra*, G048369.)

The legislative history of Assembly Bill No. 1438 reflects clearly that the Legislature viewed the statutory changes effected by that legislation as clarifications necessary in response to *Tirey I*. (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1438 (2013-2014 Reg. Sess.) as introduced Jan. 6, 2014, pp. 3-4, 5-6.)

Section 4852.01, subdivision (a) allows those persons convicted of a felony to petition for a certificate of rehabilitation. The purpose of the statute is to allow rehabilitated criminal offenders to regain various civil rights denied to convicted felons. (See *People v. Jones* (1985) 176 Cal.App.3d 120, 130.) As amended by Assembly Bill No. 1438, subdivision (d) of section 4852.01 absolutely denies the right to petition for a certificate of rehabilitation to "persons serving a mandatory life parole, persons committed under death sentences, persons convicted of a violation of Section 269, subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, Section 288.7, or subdivision (j) of Section 289, or persons in military service."

Before the enactment of Assembly Bill No. 1438, subdivision (d) of section 4852.01 did not specifically mention section 288.7. In *Tirey I*, we concluded that because those persons convicted of a similar but more serious sex offense—violation of

7

section 288.7[2]—could seek a certificate of rehabilitation, while defendant—who was convicted of violating section 288, subdivision (a)[3]—could not, section 4852.01, subdivision (d) violated equal protection principles.  In *Tirey II*, the majority reached the same conclusion.  Assembly Bill No. 1438 eliminates the appearance of unequal treatment of persons convicted of section 288, subdivision (a) and section 288.7 by making clear that persons convicted of violating either of those statutes are prohibited from petitioning for a certificate of rehabilitation.[4]

Assembly Bill No. 1438 also amended section 3000.1, on which the majority relied in *Tirey II*.  Before the enactment of Assembly Bill No. 1438, subdivision (a)(2) of section 3000.1 read:  "Notwithstanding any other provision of law, in the case of any inmate sentenced to a life term under subdivision (b) of Section 209, if that offense was committed with the intent to commit a specified sexual offense, Sections 269 *and* 288.7, subdivision (c) of Section 667.51, Section 667.71 in which one or more of the victims of the offense was a child under 14 years of age, or subdivision (j),

---

[2]  Section 288.7 provides:  "(a) Any person 18 years of age or older who engages in sexual intercourse or sodomy with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 25 years to life.  [¶] (b) Any person 18 years of age or older who engages in oral copulation or sexual penetration, as defined in Section 289, with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 15 years to life."

[3]  Section 288, subdivision (a) provides:  "[A]ny person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

[4]  Further clarifying the Legislature's original intent, Assembly Bill No. 1438 specifically added section 288.7 to the list of crimes in section 290.5, for which a certificate of rehabilitation is not available.

(*l*), or (m) of Section 667.61, the period of parole, if parole is granted, shall be the remainder of the inmate's life." (Italics added.)[5]

Section 3000.1, subdivision (a)(2) now provides that a person sentenced to a life term for violating section 269 *or* section 288.7 is subject to lifetime parole, if parole is granted. This amendment further clarifies that section 288.7 was intended to be within the prohibition of section 4852.01.

Given this court's calls for legislative attention in *Tirey I* and the majority opinion in *Tirey II*, the language of the statutory amendments enacted via Assembly Bill No. 1438, and the intent to clarify existing law as set forth in the legislative history, we must conclude Assembly Bill No. 1438 was explicitly intended to abrogate the holdings of *Tirey I* and *Tirey II*, and to clarify the state of the law before our earlier decisions. To paraphrase the Supreme Court in *Western Security*, *supra*, 15 Cal.4th at page 238, the Legislature's manifest intent was that Assembly Bill No. 1438 would apply to all persons, including persons convicted of violating section 288.7, convicted of forcible sex crimes committed against the most vulnerable members of our society. We therefore conclude Assembly Bill No. 1438 constituted a clarification of the state of the law before our decisions in *Tirey I* and *Tirey II*. Assembly Bill No. 1438 "has no impermissible retroactive consequences, and we must give it the effect the Legislature intended." (*Western Security*, *supra*, at p. 238.)

When the issue was presented to us in *Tirey I*, we concluded that the denial of defendant's right to petition for a certificate of rehabilitation violated equal protection because defendant received disparate treatment than those similarly situated vis-à-vis

---

[5] The majority in *Tirey II* concluded section 3000.1, subdivision (a)(2) was clear and unambiguous, and that the word "and" as used therein meant "and," not "or." (*Tirey II*, *supra*, G048369.)

The dissent in *Tirey II* concluded, "the use of the word 'and' in the phrase 'Sections 269 and 288.7' . . . [was] a drafting error, which must be disregarded, and treated as a comma or an 'or,' in order to harmonize the various parts and effectuate the purposes of the statute, and to avoid absurd results." (*Tirey II*, *supra*, G048369.)

certificates of rehabilitation.  The majority reached the same conclusion in *Tirey II*. Because the amendments to the statutes clarify that defendant is not treated differently from others similarly situated, we do not need to address defendant's equal protection argument, and the Supreme Court's recent opinion in *Johnson v. Department of Justice*, *supra*, 60 Cal.4th 871, is not implicated in this case.

DISPOSITION

The order is affirmed.

FYBEL, ACTING P. J.

WE CONCUR:

IKOLA, J.

THOMPSON, J.

10

Filed 12/8/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048369 |
| v. | (Super. Ct. No. M14588) |
| JOHN LYNN TIREY, | ORDER DENYING PETITION FOR REHEARING AND GRANTING REQUEST FOR PUBLICATION |
| Defendant and Appellant. | |

The petition for rehearing filed by appellant is DENIED.

Respondent has requested that our opinion, filed on November 10, 2015, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c)(3), (6), and (7). The request is GRANTED. The opinion is ordered published in the Official Reports.


FYBEL, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.