Filed 1/29/16  P. v. Steiner CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E061841 |
| v. | (Super.Ct.No. RIC1405748) |
| HARLAN RUSSELL STEINER, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Edward D. Webster, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed.

Paul E. Zellerbach, District Attorney and Natalie M. Lough, Deputy District Attorneys, for Plaintiff and Appellant.

Robert D. Salisbury for Defendant and Respondent.

1

The trial court granted the petition of defendant, Harlan Russell Steiner, for a certificate of rehabilitation and pardon under Penal Code section 4852.01.[1]  The People appeal, claiming the trial court erred in granting that petition because defendant is ineligible.  We agree with the People and therefore reverse the trial court's order granting the petition.

### FACTS AND PROCEDURE

On March 23, 1995, defendant was convicted in the San Diego County Superior Court of performing a lewd and lascivious act on a child under age 14.  (§ 288, subd. (a).)  The court granted defendant three years of formal probation and ordered him to serve one day in jail.

On June 6, 2014, defendant filed in the Riverside County Superior Court a petition for a certificate of rehabilitation and pardon.  Along with a large number of supporting documents and letters, defendant attached to the petition a copy of the recently published opinion in *People v. Tirey* (2014) 225 Cal.App.4th 1150, review granted August 22, 2014, S219050 (*Tirey I*), transferred May 20, 2015, for reconsideration in light of *Johnson v. Department of Justice* (2015) 60 Cal.4th 871 (*Johnson*), decision reached on reconsideration by *People v. Tirey* (2015) 242 Cal.App.4th 1255 (*Tirey II*).  (*Tirey I*, *supra* (May 20, 2015, S219050) [2015 Cal. Lexis 3706].)  *Tirey I* at that time held that the portion of section 4852.01, subdivision (d), that prohibits issuing a certificate of rehabilitation and pardon to those convicted of violating section 288, subdivision (a),

---

[1]  All section references are to the Penal Code unless otherwise indicated.

"while allowing similarly situated persons, who have committed more serious crimes under section 288.7, to file such a petition violates equal protection under the state and federal Constitutions." (*Tirey I*, *supra*, at p. 1152)

The People opposed the petition on the ground that defendant is statutorily ineligible under section 4852.01, subdivision (d), based on his conviction for violating section 288, subdivision (a).

The court held a hearing on the petition on July 10, 2014, at which it granted defendant's petition based on the holding in *Tirey I*.

This appeal followed.

## DISCUSSION

The issue is whether section 4852.01, subdivision (d), violates equal protection principles by prohibiting persons convicted of section 288 from applying for a certificate of rehabilitation and pardon.

Those who violate section 288, subdivision (a), do so by committing a lewd and lascivious act on a child under the age of 14 "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of [the defendant] or the child . . . ." (§ 288, subd. (a).) Section 288.7 punishes a person who is 18 or older and engages in sexual intercourse or sodomy or oral copulation or sexual penetration with a child who is 10 or younger. Section 4852.01, subdivision (a) allows for the filing of a petition for a certification of rehabilitation. Subdivision (d), however, makes the section inapplicable to "persons serving a mandatory life parole" and, inter alia, section 288 offenders. In *Tirey I*, the Court of Appeal majority held that section 288, subdivision (a), offenders are

3

similarly situated to section 288.7 offenders for equal protection purposes. Thus, section 4852.01 violates equal protection because it provides that section 288, subdivision (a), offenders are not eligible for a certificate of rehabilitation even though section 288.7 offenders are eligible.

After the trial court's ruling here, the Legislature amended, inter alia, section 4852.01 to clarify that section 288.7 offenders are ineligible for certificates of rehabilitation. These amendments became effective on January 1, 2015, after defendant filed his petition.

In addition, the California Supreme Court granted review in *Tirey I* on August 22, 2014, but deferred further action "pending consideration and disposition of a related issue in *Johnson v. California Department of Justice*, S209167." (*Tirey I*, *supra* (Aug. 22, 2014, S219050) [2014 Cal. Lexis 9394].) In his responsive brief, defendant asked this court to hold this case until the Supreme Court issues a ruling in its review of *Tirey I*. The Supreme Court has done so. On May 20, 2015, the Supreme Court transferred review of *Tirey I* back to the appellate court for reconsideration in light of its ruling in *Johnson*, *supra*, 60 Cal.4th 871. (*Tirey I*, *supra,* (May 20, 2015, S219050) [2015 Cal. Lexis 3706].) The appellate court held that the Legislature's amendment of section 4852.01 eliminated the equal protection concerns in its earlier opinion and ruled that section 288, subdivision (a) offenders are ineligible for a certificate of rehabilitation. (*Tirey II, supra,* 242 Cal.App.4th at p. 1263.)

In *Johnson,* the California Supreme Court rejected an equal protection challenge to mandatory sex offender registration for persons convicted of oral copulation with a minor

(§§ 288a, 290, subd. (c)) even though persons convicted of unlawful sexual intercourse with a minor are subject to only discretionary sex offender registration (§§ 261.2, 290.006). (*Johnson*, *supra*, 60 Cal.4th at p. 888.) Most relevant here, the court stressed that the "Legislature is afforded considerable latitude in defining and setting the consequences of criminal offense." (*Id*. at p. 887.) Given *Johnson* and the subsequent new opinion in *Tirey II*, we conclude that the trial court erred when it relied on the initial opinion in *Tirey I* over the specific prohibition in section 4852.01, subdivision (d), to conclude that defendant was not statutorily ineligible for a certificate of rehabilitation and pardon.

## DISPOSITION

The trial court's order granting defendant's petition is reversed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

MILLER
J.

CODRINGTON
J.

5