Filed 3/8/16  P. v. Stegall CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JACK HENRY STEGALL,<br><br>        Defendant and Appellant. | A143070<br><br>(Solano County<br>Super. Ct. No. VC41186) |

Jack Henry Stegall was convicted in 1996 of multiple counts of lewd conduct with a person under 14 years of age.  (Pen. Code,[1] § 288, subds. (a) & (c).)  In 2014, he filed a petition for a certificate of rehabilitation and pardon pursuant to section 4852.01.  On appeal from an order denying his petition, Stegall contends the court erred even though, by its plain terms, section 4852.01, subdivision (c) has provided at all relevant times that persons convicted of violating section 288 are ineligible for a certificate of rehabilitation.  Stegall's claim is premised upon an argument that constitutional equal protection principles entitle him to relief because similarly situated persons convicted of committing a more heinous sex crime against minors were entitled to seek a certificate of rehabilitation, at least under an interpretation of the pertinent statutes adopted by a divided Court of Appeal in *People v. Tirey* (2014) 170 Cal.Rptr.3d 795*,* review granted August 22, 2014 (*Tirey I*).

---

[1]All further statutory references are to the Penal Code.

1

The case relied upon by Stegall, *Tirey I*, was taken up by the California Supreme Court and is not citable as precedent. In *People v. Tirey* (2015) 242 Cal.App.4th 1255 (*Tirey II*), the court that decided *Tirey I* reversed course following a remand from the Supreme Court and held that a person convicted of violating section 288, subdivision (a) is not entitled to seek a certificate of rehabilitation. (*Tirey II*, supra, 242 Cal.App.4th at pp. 1257–1258.) Specifically, the court held that there was no equal protection violation in light of clarifying legislation adopted in response to *Tirey I* that has a retrospective application. (*Id.* at pp. 1257–1258, 1263.) We agree with the analysis in *Tirey II* and shall affirm the order denying Stegall's petition.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1996, Stegall pleaded no contest to two counts of lewd conduct with a person under 14 years of age. (§ 288, subds. (a) & (c).) The court sentenced him to serve six years eight months in state prison.

In May 2014, Stegall filed a petition for certificate of rehabilitation and pardon under sections 4852.01 and 4852.06. Stegall's petition alleged that he was discharged from parole in January 1999 and declared that he met the criteria to be considered for a certificate of rehabilitation in light of his behavior and good moral character during the period of his rehabilitation. In support of his petition, Stegall attached a copy of the April 2014 majority opinion in *Tirey I,* which held that persons convicted of violating section 288, subdivision (a) are not prohibited from petitioning for a certificate of rehabilitation under section 4852.01. The court's disposition in *Tirey I* turned upon a conclusion that it was an equal protection violation to deny persons convicted of violating section 288, subdivision (a) the right to apply for a certificate of rehabilitation under section 4852.01 while persons convicted of a more serious sex offense, section 288.7, were allowed to apply for relief under section 4852.01. (*Tirey I, supra,* G048369.) The district attorney opposed Stegall's petition.

At the hearing on the petition, the trial court noted that *Tirey I* was not even a final decision at the time. The court denied Stegall's petition without prejudice. Stegall appealed the denial of his petition.

2

While this appeal was pending, the court that decided *Tirey I* published its opinion in *Tirey II,* 242 Cal.App.4th 1255, following a remand from the Supreme Court. We asked the parties to submit supplemental briefing addressing whether Stegall has a viable equal protection claim in light of *Tirey II* as well as clarifying legislation enacted in response to *Tirey I*. Both Stegall and the Attorney General submitted briefs in response to this court's request.

**DISCUSSION**

Section 4852.01 provides the means by which a convicted felon may secure a certificate of rehabilitation for the purpose of seeking a pardon from the Governor. (See *People v. Ansell* (2001) 25 Cal.4th 868, 871.) A superior court may issue a certificate of rehabilitation to a convicted felon upon a "compelling showing of postsentence reform." (*Ibid.*) Certain persons are ineligible to apply for a certificate of rehabilitation. (*Ibid.*) As relevant here, at the time Stegall applied for a certificate of rehabilitation in 2014, subdivision (d) of former section 4852.01 provided that persons "serving a mandatory life parole" and persons convicted of violating section 288, such as Stegall, were not eligible to apply for a certificate of rehabilitation. Subdivision (d) of former section 4852.01 enumerated additional categories of persons who were ineligible to seek a certificate of rehabilitation but did not specifically list persons who had been convicted of violating section 288.7.

In his opening brief on appeal, Stegall contends it was an abuse of discretion for the court to deny his petition for a certificate of rehabilitation. Stegall refers to the equal protection clauses of the United States and California Constitutions in his opening brief but does not otherwise explain why or in what manner his right to equal protection under the law was violated. The argument section of his brief is slightly over two pages long and is largely devoid of any references to relevant case law, statutes, or the record in this case. He mentions the *Tirey I* case and urges that it would be prudent to wait until the

3

Supreme Court has acted on the matter, but he does not explain what the case stands for or how it relates to his appeal.[2]

As a general matter, our review of an order granting or denying a certificate of rehabilitation is governed by the abuse of discretion standard. (*People v. Lockwood* (1998) 66 Cal.App.4th 222, 226.) Here, however, the court never exercised its discretion in weighing the facts that might justify awarding Stegall a certificate of rehabilitation. Instead, because Stegall was ineligible to apply for a certificate of rehabilitation as a person who had been convicted of violating section 288 (see former § 4852.01, subd. (d)), and because of uncertainty in the law raised by the decision in *Tirey I,* the court did not even reach the factual question of whether Stegall met the criteria for a certificate of rehabilitation. Stegall's argument on appeal, as best as we can tell, is based on equal protection principles and rests on *Tirey I.* On review of such a constitutional claim on appeal, our review is de novo. (*People ex rel. Lockyer v. Sun Pacific Farming Co.* (2000) 77 Cal.App.4th 619, 632.)

The equal protection analysis relied upon by Stegall was first described in a concurring decision in *People v. Tuck* (2012) 204 Cal.App.4th 724 (*Tuck*). In *Tuck,* the defendant had been convicted of violating section 288, subdivision (a) and sought to be relieved of the lifetime requirement to register as a sex offender under section 290, arguing that the requirement violated his right to equal protection of the law. (*Id.* at p. 727.) In a unanimous decision, a panel of this court held that mandatorily requiring Tuck to register as a sex offender did not violate his equal protection rights. (*Id.* at p. 738.) However, in a separate concurrence by the author of the majority opinion, our colleague espoused an equal protection theory that, if legally correct, would allow Tuck to seek a certificate of rehabilitation and thereby relieve him of the registration

---

[2]We would probably be justified in treating Stegall's equal protection argument as waived in light of the lack of legal authority or cogent argument offered to support it. (See *People v. Stanley* (1995) 10 Cal.4th 764, 793.) Nevertheless, because it is apparent that Stegall is relying on *Tirey I,* and because the Attorney General has responded to the argument as if it had been fully supported by legal reasoning and citations to authority, we will consider the claim on its merits.

requirement.  (See *id.* at pp. 739–742 (Pollak, J., concurring).)  The two justices who joined the majority opinion did not join in the concurrence, which was unnecessary to the court's decision and therefore not binding precedent.  (See *People v. Lucatero* (2008) 166 Cal.App.4th 1110, 1116.)

The equal protection analysis in the *Tuck* concurrence turned upon whether a person convicted of violating section 288.7 is eligible to apply for a certificate of rehabilitation.  (*Tuck, supra,* 204 Cal.App.4th at pp. 740–741 (Pollak, J., concurring).) Section 288.7 makes it a crime to engage in sex acts with a child 10 years of age or younger whereas section 288 criminalizes lewd acts upon a child under 14 years of age. The *Tuck* concurrence reasoned that it would violate equal protection principles to deny a person convicted of the less serious crime (§ 288, subd. (a)) the right to seek a certificate of rehabilitation while allowing a person convicted of the more serious crime (§ 288.7) to obtain such a certificate.  (*Tuck, supra,* at p. 741 (Pollak, J., concurring).)

Our colleague interpreted the relevant statutory language at the time of the *Tuck* decision to permit a person convicted of violating section 288.7 to obtain a certificate of rehabilitation.  (*Tuck, supra,* 204 Cal.App.4th at p. 740 & fn. 4 (Pollak, J., concurring).) Former section 4852.01, subdivision (d) provided that persons serving a mandatory life parole were ineligible for a certificate of rehabilitation.  Our colleague reasoned that persons convicted of violating section 288.7 did not fall into this excluded category of lifetime parolees because the pertinent statute, former section 3000.1, subdivision (a)(2), provided at the time that inmates sentenced to a life term under "sections 269 *and* 288.7" were subject to mandatory lifetime parole.  (Former § 3000.1, subd. (a)(2), as amended by Stats. 2012, ch. 43, § 37 (hereafter former section 3000.1), italics added; *Tuck, supra,* at p. 740, fn. 4 (Pollak, J., concurring).)  The concurrence concluded that the Legislature intended to use the conjunctive "and" in the statute and impose lifetime parole only if the individual had been convicted of violating *both* section 269 *and* section 288.7.  (*Tuck, supra,* at p. 740, fn. 4 (Pollak, J., concurring).)  Consequently, the court's analysis rested upon the placement of the conjunctive "and" in former section 3000.1, subdivision (a)(2).

In *Tirey I,* a split panel of Division Three of the Fourth District Court of Appeal agreed with the equal protection analysis in the *Tuck* concurrence and reversed an order denying a petition for a certificate of rehabilitation sought by a person convicted of violating section 288, subdivision (a). (*Tirey I, supra,* G048369.) A dissenting justice disagreed with the analysis and argued that the use of the word "and" in former section 3000.1, subdivision (a)(2) was "a drafting error, which must be disregarded, and treated as a comma or an 'or,' in order to harmonize the various parts and effectuate the purposes of the statute, and to avoid absurd results."[3] (*Tirey I, supra,* G048369 (Thompson, J., dissenting).) Shortly after Stegall filed his appeal, the Supreme Court granted review in *Tirey I.* (See *Tirey I,* review granted Aug. 20, 2014, S219050.)

Also shortly after this appeal was filed, the Governor signed into law Assembly Bill No. 1438 (2013-2014 Reg. Sess.), which clarified that persons convicted of violating section 288.7 are ineligible for a certificate of rehabilitation under section 4852.01. (See *Tirey II, supra,* 242 Cal.App.4th at p. 1259; § 4852.01, subd. (c).) "The stated intent of Assembly Bill No. 1438 was to abrogate the holding of *Tirey I.*" (*Tirey II, supra,* at p. 1259.) In addition to amending section 4852.01 to specifically include section 288.7 as an offense that disqualifies a person from seeking a certificate of rehabilitation (§ 4852.01, subd. (c)), Assembly Bill No. 1438 also amended section 3000.1, subdivision (a)(2) to clarify that an inmate sentenced to a life term under "Section 269 *or* 288.7" is subject to mandatory lifetime parole. (Italics added.) Consequently, the conjunctive "and" in former section 3000.1, subdivision (a)(2)—which was the linchpin of the equal protection analysis in the *Tuck* concurrence and *Tirey I*—was changed to the disjunctive "or."

After the effective date of Assembly Bill No. 1438, Stegall no longer has a basis for asserting an equal protection claim. A person convicted of violating section 288.7 is

---

[3]"The inadvertent use of 'and' where the purpose or intent of a statute seems clearly to require 'or' is a familiar example of a drafting error which may properly be rectified by judicial construction." (*People v. Skinner* (1985) 39 Cal.3d 765, 775–776 [construing "and" in section 25, subdivision (b) to mean "or" to conform to voters' intent].)

6

treated no differently than a person convicted of violating section 288 for purposes of seeking a certificate of rehabilitation—both are ineligible.  (§ 4852.01, subd. (c).)

Stegall does not deny that Assembly Bill No. 1438 eliminated the legal basis for his equal protection challenge, but he nevertheless claims he is entitled to relief because he filed his request for a certificate of rehabilitation before Assembly Bill No. 1438 passed.  The question remains whether the statutory changes enacted by Assembly Bill No. 1438 have retrospective application and relate back to the filing of Stegall's petition for a certificate of rehabilitation in May 2014.  In *Tirey II,* the court addressed that precise legal question after the Supreme Court remanded *Tirey I* for further proceedings. (*Tirey II, supra,* 242 Cal.App.4th at p. 1259.)  The court in *Tirey II* concluded that Assembly Bill No. 1438 has retrospective application.  (*Id.* at p. 1263.)  As a result, the defendant in *Tirey II* did not have a viable equal protection claim even though his petition for a certificate of rehabilitation was filed before the effective date of Assembly Bill No. 1438.  (*Ibid.*)

The court in *Tirey II* relied upon *Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232 (*Western Security*).  (*Tirey II, supra,* 242 Cal.App.4th at p. 1258.)  As explained in *Western Security*, "[a] statute has retrospective effect when it substantially changes the legal consequences of past events."  (*Western Security, supra,* at p. 243.)  A basic tenet of statutory interpretation is that "statutes do not operate retrospectively unless the Legislature plainly intended them to do so."  (*Ibid*.)  This principle is generally applied even if the Legislature merely clarifies existing law instead of changing it.  (*Ibid.*)  The rule is subject to an exception, however, "when the Legislature promptly reacts to the emergence of a novel question of statutory interpretation:  ' "An amendment which in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act, where the amendment was adopted soon after the controversy arose concerning the proper interpretation of the statute." ' "  (*Ibid.*)  The Supreme Court in *Western Security* applied this exception to a situation in which the Legislature enacted emergency legislation that had the express purpose of abrogating an

appellate opinion in order to clarify the state of the law. (*Id.* at pp. 245–246.) The court held that the legislation had retrospective effect. (*Id.* at pp. 252–253.)

In *Tirey II,* the court reasoned that Assembly Bill No. 1438 has retrospective application as follows: "Given this court's calls for legislative amendments in *Tirey I* . . . , the language of the statutory amendments enacted via Assembly Bill No. 1438, and the intent to clarify existing law as set forth in the legislative history, we must conclude Assembly Bill No. 1438 was explicitly intended to abrogate the holding[] of *Tirey I* . . . and to clarify the state of the law before our earlier decisions. To paraphrase the Supreme Court in *Western Security, supra,* 15 Cal.4th at page 238, the Legislature's manifest intent was that Assembly Bill No. 1438 would apply to all persons, including persons convicted of violating section 288.7, convicted of forcible sex crimes committed against the most vulnerable members of our society. We therefore conclude Assembly Bill No. 1438 constituted a clarification of the state of the law before our decision[] in *Tirey I* . . . ." (*Tirey II, supra,* 242 Cal.App.4th at p. 1263.)

We requested that the parties file supplemental briefs addressing whether Stegall has a viable equal protection claim in light of *Tirey II* and Assembly Bill No. 1438. Nothing in Stegall's supplemental brief causes us to question the reasoning and holding in *Tirey II.* He contends that Assembly Bill No. 1438 effected a "substantial change" in the law and therefore should not be applied retrospectively under *Western Security.* We disagree.

The court in *Tirey II* acknowledged that it faced a " 'novel question of statutory interpretation' " in its earlier opinion in *Tirey I* in holding that a person convicted of violating section 288.7 would not be subject to lifetime parole without also being convicted of violating section 269 (under former section 3000.1, subdivision (a)(2)), the consequence of which was that, under former section 4852.01, a person convicted of violating section 288.7 would be allowed to seek a certificate of rehabilitation. (See *Tirey II, supra,* 242 Cal.App.4th at p. 1261.) The *Tirey I* court's conclusion turned on the presence of the conjunctive "and" in former section 3000.1, subdivision (a)(2). (*Tirey I, supra,* G048369.) As far as this court is aware, no appellate court before *Tirey I* had ever

applied such a novel interpretation of the relevant statutes governing eligibility for a certificate of rehabilitation, at least in any portion of a decision that would be considered binding precedent on lower courts. Notably, Stegall admits in his supplemental brief that replacing the conjunctive "and" in former section 3000.1, subdivision (a)(2) with the disjunctive "or," as was accomplished in Assembly Bill No. 1438, is simply a legislative clarification and "does not effect a change in existing law." We agree with Stegall's surprising admission. Because replacing "and" with "or" under these circumstances does not constitute a substantive change in the law but instead amounts to a legislative clarification explicitly enacted to abrogate and respond to *Tirey I*'s novel statutory interpretation, the amended language must be applied retrospectively to give effect to the Legislature's intent. (See *Western Security, supra,* 15 Cal.4th at p. 244.)

Accordingly, we agree with the *Tirey II* court and conclude that Assembly Bill No. 1438 should be applied retrospectively. As a result, Stegall is treated no differently from other similarly situated persons for purposes of seeking a certificate of rehabilitation, including persons convicted of violating section 288.7. (§ 4852.01, subd. (c).) His equal protection claim therefore fails.

### DISPOSITION

The order denying Stegall's petition for a certificate of rehabilitation is affirmed.

_____
McGuiness, P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.