Filed 5/3/16  P. v. Eno CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>          v.<br><br>EMERY CRAIG ENO,<br><br>      Defendant and Appellant. | F070217<br><br>(Stanislaus Super. Ct. No. 1480999)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from an order of the Superior Court of Stanislaus County.  Linda A. McFadden, Judge.

Robert D. Salisbury, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Gregory B. Wagner, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Poochigian, Acting P.J., Detjen, J. and Peña, J.

Defendant Emery Eno appeals from an order denying his petition for a certificate of rehabilitation (Pen. Code, § 4852.01 et seq.).[1]  He contends the trial court abused its discretion and violated his right to equal protection when it denied the petition.  We affirm.

## BACKGROUND

On July 1, 1985, in Santa Clara County, defendant was convicted of committing a lewd and lascivious act upon a child under 14 years of age (§ 288, subd. (a)), and misdemeanor annoying or molesting a child under the age of 18 (former § 647a, now § 647.6).

On October 3, 1988, in Santa Clara County, defendant received a section 1203.4 record clearance of his 1985 convictions.[2]

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

[2]     In 1988, section 1203.4 did not exclude those convicted of violating section 288. At that time, section 1203.4 provided in part:  "(a) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code.  The probationer shall be informed, in his or her probation papers, of this right and privilege and his or her right, if any, to petition for a certificate of rehabilitation and pardon.  The probationer may make the application and change of plea in person or by attorney, or by the probation officer authorized in writing; however, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.  The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any

2.

On February 16, 1993, in Santa Clara County, defendant was convicted of two counts of committing a lewd and lascivious act upon a child under 14 years of age (§ 288, subd. (a)), and one count of assault with the intent to commit a lewd or lascivious act upon a child under the age of 14 (§ 220). He was sentenced to 11 years in prison. He was released from prison on about July 3, 1998, and was discharged from parole on July 3, 2001.

On March 13, 2012, in Manteca Municipal Court, defendant was convicted of driving with a suspended license (Veh. Code, § 14601.1).

On August 6, 2013, in Modesto Municipal Court, defendant was convicted of driving with a suspended license (Veh. Code, § 14601.1).

On May 19, 2014, defendant filed a petition for a certificate of rehabilitation pursuant to section 4852.01 et seq.[3] Following a hearing held on September 2, 2014, in

questionnaire or application for public office or for licensure by any state or local agency. [¶] Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm capable of being concealed upon the person or prevent his or her conviction under Section 12021. [¶] This subdivision shall apply to all applications for relief under this section which are filed on or after November 23, 1970. [¶] (b) Subdivision (a) of this section does not apply to any misdemeanor which is within the provisions of subdivision (b) of Section 42001 of the Vehicle Code, or to any infraction."

[3] In 2014, section 4852.01 provided: "(a) Any person convicted of a felony who has been released from a state prison or other state penal institution or agency in California, whether discharged on completion of the term for which he or she was sentenced or released on parole prior to May 13, 1943, who has not been incarcerated in a state prison or other state penal institution or agency since his or her release and who presents satisfactory evidence of a three-year residence in this state immediately prior to the filing of the petition for a certificate of rehabilitation and pardon provided for by this chapter, may file the petition pursuant to the provisions of this chapter. [¶] (b) Any person convicted of a felony who, on May 13, 1943, was confined in a state prison or other institution or agency to which he or she was committed and any person convicted of a felony after that date who is committed to a state prison or other institution or agency may file a petition for a certificate of rehabilitation and pardon pursuant to the provisions of this chapter. [¶] (c) Any person convicted of a felony or any person who is convicted of a misdemeanor violation of any sex offense specified in Section 290, the accusatory

3.

Stanislaus County, where defendant now resides, the trial court denied the petition without prejudice.

## DISCUSSION

Defendant contends the trial court abused its discretion and violated his equal protection rights when it denied his petition for a certificate of rehabilitation. He argues that a review of the record demonstrates that he has met the criteria for a certificate of rehabilitation because he lived an honest and upright life with good moral character during a period of five years after his release from custody.

The People respond that defendant was ineligible for a certificate of rehabilitation as a matter of law, and thus the trial court's denial was not an abuse of discretion.

## I.      Statutory Bar

Section 4852.01 does not apply to those convicted of violating section 288. In 2014, former subdivision (d) stated, "This chapter shall not apply to … persons convicted of a violation of … Section 288." (See current § 4852.01, subd. (c).) Defendant was convicted of violating section 288, and thus was statutorily barred from petitioning for a certificate of rehabilitation.

---

pleading of which has been dismissed pursuant to Section 1203.4, may file a petition for certificate of rehabilitation and pardon pursuant to the provisions of this chapter if the petitioner has not been incarcerated in any prison, jail, detention facility, or other penal institution or agency since the dismissal of the accusatory pleading and is not on probation for the commission of any other felony, and the petitioner presents satisfactory evidence of five years residence in this state prior to the filing of the petition. [¶] (d) This chapter shall not apply to persons serving a mandatory life parole, persons committed under death sentences, persons convicted of a violation of subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, or subdivision (j) of Section 289, or persons in the military service. [¶]  (e) Notwithstanding the above provisions or any other provision of law, the Governor shall have the right to pardon a person convicted of a violation of subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, or subdivision (j) of Section 289, if there are extraordinary circumstances."

Furthermore, section 4852.01 does not apply to those who were incarcerated following the dismissal of an accusatory pleading pursuant to section 1203.4. Former subdivision (c) stated: "Any person convicted of a felony or any person who is convicted of a misdemeanor violation of any sex offense specified in Section 290, the accusatory pleading of which has been dismissed pursuant to Section 1203.4, may file a petition for certificate of rehabilitation and pardon pursuant to the provisions of this chapter *if the petitioner has not been incarcerated* in any prison, jail, detention facility, or other penal institution or agency since the dismissal of the accusatory pleading and is not on probation for the commission of any other felony, and the petitioner presents satisfactory evidence of five years residence in this state prior to the filing of the petition." (Italics added; see current § 4852.01, subd. (b).) Defendant was imprisoned from 1993 to 1998.

Accordingly, defendant was statutorily barred, for at least two reasons, from petitioning for a certificate of rehabilitation and pardon. As a result, the trial court did not abuse its discretion in denying defendant's petition. (*People v. Lockwood* (1998) 66 Cal.App.4th 222, 227 [denial of petition is reviewed for abuse of discretion].)

## II. Equal Protection

Defendant acknowledges that at the time of briefing, resolution of his equal protection claim was awaiting resolution of a related issue in *Johnson v. California Department of Justice*, review granted May 1, 2013, S209167. Defendant offers no argument, so we briefly respond that the issue has since been resolved against him. (See *Johnson v. Department of Justice* (2015) 60 Cal.4th 871; *People v. Tirey* (2015) 242 Cal.App.4th 1255, 1263.)

## DISPOSITION

The trial court's order denying defendant's petition for certificate of rehabilitation and pardon pursuant to section 4852.01 is affirmed.