Filed 9/26/16  P. v. Gonzalez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>JOE GONZALEZ, JR.,<br><br>　　　Defendant and Appellant. | F070939<br><br>(Super. Ct. No. MCR049540)<br><br>**OPINION** |

　　　APPEAL from a judgment of the Superior Court of Madera County.  Mitchell C. Rigby, Judge.

　　　Law Offices of Robert D. Salisbury and Robert D. Salisbury for Defendant and Appellant.

　　　Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Kerry Ramos, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

　　　On September 30, 2003, defendant Joe Gonzalez, Jr. (also known as Joey Gonzalez), pled no contest in Fresno County to one count of committing lewd and

lascivious acts with a child under 14 in violation of Penal Code section 288, subdivision (a).[1]  In exchange for defendant's plea, 11 other counts were dismissed.  Defendant was placed on five years' probation upon various terms and conditions.  On July 23, 2014, defendant filed a petition pursuant to former section 4852.01 et seq.[2] in Madera Superior Court seeking a certificate of rehabilitation and pardon.  On January 12, 2015, the trial court denied defendant's petition for a certificate of rehabilitation.

Defendant argues a review of the record demonstrates he has met the criteria for a certificate of rehabilitation because he has lived an honest and upright life with good moral character during a period of five years after his release from custody.  Defendant

---

[1]All statutory references are to the Penal Code.

[2]In 2014, former section 4852.01 provided:  "(a) Any person convicted of a felony who has been released from a state prison or other state penal institution or agency in California, whether discharged on completion of the term for which he or she was sentenced or released on parole prior to May 13, 1943, who has not been incarcerated in a state prison or other state penal institution or agency since his or her release and who presents satisfactory evidence of a three-year residence in this state immediately prior to the filing of the petition for a certificate of rehabilitation and pardon provided for by this chapter, may file the petition pursuant to the provisions of this chapter.  [¶] (b) Any person convicted of a felony who, on May 13, 1943, was confined in a state prison or other institution or agency to which he or she was committed and any person convicted of a felony after that date who is committed to a state prison or other institution or agency may file a petition for a certificate of rehabilitation and pardon pursuant to the provisions of this chapter.  [¶] (c) Any person convicted of a felony or any person who is convicted of a misdemeanor violation of any sex offense specified in Section 290, the accusatory pleading of which has been dismissed pursuant to Section 1203.4, may file a petition for certificate of rehabilitation and pardon pursuant to the provisions of this chapter if the petitioner has not been incarcerated in any prison, jail, detention facility, or other penal institution or agency since the dismissal of the accusatory pleading and is not on probation for the commission of any other felony, and the petitioner presents satisfactory evidence of five years residence in this state prior to the filing of the petition.  [¶] (d) This chapter shall not apply to persons serving a mandatory life parole, persons committed under death sentences, persons convicted of a violation of subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, or subdivision (j) of Section 289, or persons in the military service.  [¶] (e) Notwithstanding the above provisions or any other provision of law, the Governor shall have the right to pardon a person convicted of a violation of subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, or subdivision (j) of Section 289, if there are extraordinary circumstances."

contends the trial court abused its discretion and violated his equal protection rights when it denied his petition for a certificate of rehabilitation.

The People respond that defendant was ineligible for a certificate of rehabilitation as a matter of law, and thus the trial court's denial was not an abuse of discretion. We affirm the trial court's ruling.

## DISCUSSION

### 1. Statutory Bar

Section 4852.01 does not apply to those convicted of violating section 288. In 2014, former subdivision (d) of section 4852.01 stated, "This chapter shall not apply to … persons convicted of a violation of … Section 288." (See current § 4852.01, subd. (c).) Defendant was convicted of violating section 288 and, thus, was statutorily prohibited from petitioning for a certificate of rehabilitation. Because defendant was statutorily barred from petitioning for a certificate of rehabilitation and pardon, the trial court did not abuse its discretion in denying his petition. (*People v. Lockwood* (1998) 66 Cal.App.4th 222, 227 [denial of petition is reviewed for abuse of discretion].)

### 2. Equal Protection

The parties acknowledge that at the time of briefing, resolution of defendant's equal protection claim was awaiting resolution of a related issue in *Johnson v. California Department of Justice*, review granted May 1, 2013, S209167, and the same issue in *People v Tirey* (2014) 225 Cal.App.4th 1150, review granted August 20, 2014, S219050. Both cases have since been decided.

Defendant's equal protection argument that he is in a class of convicted felons treated differently from others similarly situated has since been rejected by the California Supreme Court in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 886-889 (offenders committing nonforcible oral copulation in violation of § 288a, subd. (b) are not in the same class as those having unlawful intercourse with minors 16 or 17 years old

for purposes of § 290 registration; no equal protection violation for mandatory registration for the former, and registration in discretion of the court for the latter).  The Fourth District Court of Appeal in *People v. Tirey* (2015) 242 Cal.App.4th 1255, 1263 (*Tirey III*) found an equal protection violation in the section 4852.01 exclusion of rehabilitation for those who violate section 288.7 in two prior appeals by Tirey.  *Tirey III* recognized the Legislature passed Assembly Bill No. 1438 (2013-2014 Reg. Sess.), effectively undoing the holdings of the first two *Tirey* decisions.  *Tirey III* found the amendments to the statutes clarify that a defendant convicted of violating section 288.7 "is not treated differently from others similarly situated."  (*Tirey III*, *supra*, at p. 1263.) *Tirey III* did not find it necessary to address the defendant's equal protection argument. As we find no authority supporting defendant's equal protection challenge to his statutory exclusion for a certificate of rehabilitation, we reject it.

## DISPOSITION

The trial court's order denying defendant's petition for certificate of rehabilitation and pardon pursuant to former section 4852.01 is affirmed.

_____

PEÑA, J.

WE CONCUR:


_____

DETJEN, Acting P.J.


_____

SMITH, J.

4.