Filed 1/22/21  P. v. Peasley CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F080139 |
| Plaintiff and Respondent, | (Super. Ct. No. MCR064685) |
| v. | |
| DAVID S. PEASLEY, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

**THE COURT**<sup>*</sup>

APPEAL from an order of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Heather MacKay, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Poochigian, Acting P.J., Meehan, J. and DeSantos, J.

Appellant David S. Peasley appeals from the trial court's order summarily denying his petition for certificate of rehabilitation and for appointment of counsel (Pen. Code, §§ 4852.01 et seq.).[1]  Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and appellant filed a supplemental brief.  We conclude after an independent review of the record and appellant's supplemental brief that there are no arguable issues and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On September 23, 2019, appellant, in propria persona, filed a "Motion to Hear Petition, Certificate of Rehabilitation," under section 4852.22.  Appellant, an inmate in state prison, wrote he had been incarcerated since 2008; he indicated he had been convicted of a violation of section 261, subdivision (a)(2) (rape by force or fear) and was required to register pursuant to section 290 (sex offender registration).  Appellant wrote that during his time of incarceration, he had had no rule violations, a "zero" security level score, had taken "a variety of rehabilitation" and education courses, and completed a faith-based  12-step program.  He further stated that he had a "zero" percent chance of recidivism.  Appellant attached a letter from his sister who wrote she was writing the letter "in support of clemency for" appellant.  Appellant's sister wrote she and appellant had a plan for appellant's release in which he could live with and work for her and her husband.  Appellant also filed a request for counsel to represent him on his petition for certificate of rehabilitation because he is an "indigent inmate."

On September 25, 2019, the trial court issued a written order denying appellant's petition for certificate of rehabilitation and for appointment of counsel.  The order indicated appellant was not eligible to file a petition for certificate of rehabilitation because he was still incarcerated in state prison and, as such, the required rehabilitation period had not yet begun to run.  The order went on to say that section 4852.22, the

---

[1]    All further undesignated statutory references are to the Penal Code.

specific code section cited by appellant, did not apply because it expressly excluded persons required to register pursuant to section 290, which appellant indicated he was.

On October 16, 2019, appellant filed a notice of appeal. Appellate counsel filed a *Wende* brief on January 27, 2020. Two days later, this court issued a letter to appellant inviting supplemental briefing. Appellant responded by sending a letter requesting a new attorney because counsel had filed a *Wende* brief. By order dated February 18, 2020, this court denied appellant's request. The order noted that the filing of a *Wende* brief was not grounds for removal of counsel. Appellant filed a supplemental brief on February 19, 2020.

## DISCUSSION

"With certain exceptions …, the certificate of rehabilitation procedure [§§ 4852.01 et seq.] is available to convicted felons *who have successfully completed their sentences*, and who have undergone an additional and sustained 'period of rehabilitation' in California." (*People v. Ansell* (2001) 25 Cal.4th 868, 875, emphasis added.) If the court determines the petitioner has demonstrated, by his or her course of conduct, his or her rehabilitation and fitness to exercise all civil and political rights of citizens, the court may make an order declaring the petitioner has been rehabilitated and recommending that the Governor grant a full pardon. (§ 4852.13.) The purpose of the certificate of rehabilitation "is to allow rehabilitated criminal offenders to regain various civil rights denied to convicted felons." (*People v Tirey* (2015) 242 Cal.App.4th 1255, 1262.)

A petitioner is ineligible to file a petition for certificate of rehabilitation "[u]nless and until the period of rehabilitation required … has passed." (§ 4852.03, subd. (b).) The rehabilitation period shall comprise five years, plus an additional period of time delineated by the statute corresponding to the petitioner's offense. (§ 4852.03, subd. (a).) "The period of rehabilitation *commences* upon the *discharge of the petitioner from custody* due to his or her completion of the term to which he or she was sentenced or

3.

upon his or her release on parole, postrelease community supervision, mandatory supervision, or probation, whichever is sooner." (§ 4852.03, subd. (a), emphasis added.)

Appellant does not dispute he is still incarcerated in state prison but argues section 4852.22 provides him a path to obtaining a certificate of rehabilitation and, by extension, release from prison. Appellant's reliance on section 4852.22 is misplaced. Section 4852.22 reads: "Except in a case requiring registration pursuant to Section 290, a trial court hearing an application for a certificate of rehabilitation before the applicable period of rehabilitation has elapsed may grant the application if the court, in its discretion, believes relief serves the interests of justice." By the provision's express terms, it applies to applications filed before the period of rehabilitation has elapsed. It does not make any mention of applications brought before the period has even commenced because a petitioner is still incarcerated in state prison. Further, appellant's interpretation of section 4852.22 is contrary to the rest of the certificate of rehabilitation statutory scheme that is premised upon the requirement that a petitioner be discharged from custody for a certain period of time and case law underscoring that concept. As a matter of law, contrary to appellant's claim, section 4852.22 does not apply to those still incarcerated and does not create a path for some to early release from prison.

Appellant raises three specific arguments in his supplemental brief: (1) that the court violated his due process rights by not considering supplemental documentation in support of his petition;[2] (2) that the court violated his due process rights by denying his

---

[2]     Appellant argues he had submitted "a valuable supporting document of near 60 pages (evidence)" in support of his petition to the trial court that was never filed but was properly submitted. Appellant writes he assumes "the clerk felt it was late, and destroyed" the document. Appellant argues that the trial court, by denying his petition "with no facts/evidence," which appellant argues would have been necessary for appellant to argue granting his petition was in the interests of justice pursuant to section 4852.22, violated his due process rights. To support this claim, appellant attached a court clerk's declaration that indicated the clerk could not locate any documents in support of appellant's motion and a mail log indicating the entry of the documents appellant purports are the supporting documents he sent to the court. As our review is

request for counsel; and (3) that the "blanket" exclusion of section 290 registrants from section 4852.22 is unfairly discriminatory.[3]  All of appellant's arguments are based upon appellant's premise that he was eligible to petition for certificate of rehabilitation because, as he alleges, section 4852.22 applies to individuals who are still incarcerated in state prison.  Because appellant's premise is faulty, his arguments fail.

After an independent review of the record, we find no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The trial court's order summarily denying appellant's petition for certificate of rehabilitation is affirmed.

---

limited to the record on review (*People v. Waidla* (2000) 22 Cal.4th 690, 743 [" 'Appellate jurisdiction is limited to the four corners of the record on appeal.' "]) and appellant's argument relies on evidence that he has provided but is not on the record, appellant's argument is not properly before us.

[3]     We note, as does appellant, that the trial court mentioned in its written order that section 4852.22 did not apply to appellant because appellant was required to register pursuant to section 290.  That the trial court mentioned appellant's section 290 status is of no consequence to appellant's appeal.  As we have explained, section 4852.22 does not apply, as a matter of law, to appellant's petition because he is still incarcerated, and would not apply to his petition irrespective of whether or not he was required to register pursuant to section 290.